INTERSTATE SECURITIES COMPANY, A CORPORATION, RESPONDENT, v. JOE BARTON, APPELLANT.—153 S. W. (2d) 303.

Springfield Court of Appeals. July 17, 1941. Rehearing Denied August 5, 1941.

*John P. Moberly* and *L. N. Searcy* for appellant.

*Hiett, Covert & Hiett, Hubert E. Lay* and *William R. Collinson* for respondent.

FULBRIGHT, J.—This is an action in replevin filed by plaintiff in the Circuit Court of Texas County, for the purpose of recovering possession of a Studebaker automobile. A jury being waived, the cause was tried at the November, 1940 Term of said court, resulting in a judgment for plaintiff. Whereupon, defendant duly appealed to this court.

The petition and the accompanying affidavit are in conventional form. Among other things the petition alleges that on the 19th day of September, 1940, it was lawfully entitled to the possession of a certain automobile to the value of $775, the automobile being specifically described; that afterwards, on the same day, the defendant wrongfully took said property from the possession of said plaintiff and still wrongfully and unlawfully detains the same in the town of Summerville, County of Texas, to plaintiff's damage in the sum of $100; asks judgment for possession of the automobile and $100 damages for the taking and detention of the same, and in case delivery of said property cannot be had, asks judgment for $775, the value thereof.

The answer is in the nature of a general denial, accompanied with an affirmative declaration that defendant is now and was at all times mentioned in the petition, the legal owner of the motor vehicle mentioned therein, having title thereto duly registered; that same was in due form and that there was not stamped upon it any notice or any statement as to any encumbrance or any indebtedness thereon, "as is required by the law for the year 1939, Section 7774, 3097-A." That he acquired said property in good faith for a valuable consideration without notice of any claim or encumbrance thereon; that he has been damaged by virtue of this action in loss of time required to secure a delivery bond and expenditures of attorney fees in the sum of $100. The reply was a general denial.

The evidence shows that Ray Bowne was a Studebaker dealer at Mountain Grove, Missouri, in the year 1940, and particularly in the month of February, and as such was engaged in selling Studebaker automobiles; that early in the month of February he sold to Darol Sterling, a resident of Mountain Grove, Wright County, Missouri, a new Studebaker coupe for the sum of approximately $1200; that in payment thereof Sterling delivered to Bowne a Nash coupe; that Sterling was undecided as to whether he would pay the balance of the purchase price in cash or give a mortgage, but relying upon the promise of Sterling to pay cash or give a mortgage Bowne delivered to Sterling a dealer's certificate or application for title in which it was stated there were no encumbrances against the car. No encumbrance or mortgage of any kind had been placed against the car at the time Bowne issued the dealer's certificate. The Studebaker coupe was turned over to Sterling at the time this certificate or application for title was delivered, the exact date of the transaction does not appear other than it was in the first part of February. This dealer's certificate or application for title showing no encumbrance upon the car, was sent to the Secretary of State, and later, February 26, 1940, a certificate of title was issued by the Commissioner of Motor Vehicles to Darol Sterling showing the car to be free of encumbrance. Previous to that date, to-wit: On February 20, 1940, Sterling executed a note secured by chattel mortgage for $775.18, allegedly for the balance

of the purchase price of the Studebaker coupe, which, at the suggestion of Bowne, were made to Smith & Pyatt Motor Co., of Seymour, Webster County, Missouri, who had a Chevrolet Agency at that place. The chattel mortgage was filed in the office of the Recorder of Deeds of Wright County, Missouri, Sterling's residence, on the 22nd day of February, 1940. Mr. Pyatt, of the firm of Smith & Pyatt, testified that this contract was transferred by him to the Interstate Securities Co., in Springfield, Missouri, for the consideration of $640; that Bowne received the money and that his (Pyatt's) position was merely that of an accommodation endorser.

Some months later it appears that Sterling sold or traded the automobile in question to Homer Lane. The exact date of the transaction is not shown. Sterling signed the transfer of title ''in blank.'' The signature and execution of the assignment was acknowledged by a notary public. At the time of the transfer to Lane, Sterling states that he certified that the car was unencumbered, but that he told Lane that there was $700 due against the car and that the mortgage was held by the Interstate Securities Co. of Springfield, Missouri, plaintiff herein. Later on Mr. Lane came to Mr. Sterling and asked him to insert in the blank assignment the name of Joe Barton, stating that he (Lane) had made a deal of some kind with Mr. Barton. Whereupon Sterling filled out the blanks in the assignment of title and inserted as Assignee the name of Joe Barton. The name of Lane never, at any time, appeared as Assignee of the title to the Studebaker coupe. The Interstate Securities Co., plaintiff herein, to whom Smith & Pyatt assigned the note and deed of trust allegedly given for the balance of the purchase price of the Studebaker coupe from Mr. Bowne, is still the owner thereof and the last payment made on the note being about the month of July, 1940, at which time there was left an unpaid balance of $700.15.

The plaintiff offered in evidence the original note and mortgage. A certified copy of the chattel mortgage, as well as the copy that was filed with the Circuit Clerk and ex-officio Recorder of Deeds of Wright County, which the clerk testified he had checked against the original mortgage and found it to be a true copy of the instrument. The certificate of title issued by the Commissioner of Motor Vehicles to Darol Sterling was also offered in evidence.

The only evidence offered by the defendant was testimony given by Mr. Barton, the defendant. He stated among other things that he was an automobile dealer and that he bought the car in question in a three-way deal; that Darol Sterling came down to Summerville (Barton's place of Business, the Farmers Motor Co.) and bought a truck from him which he (Barton) financed; that he took the Studebaker automobile as a down payment on the truck at the price of $700. ''Lane came down with him. I do not know the deal between Lane and Sterling. I told them I would give them a Diamond T or

International truck for the Studebaker coupe and $700 if their title to the Studebaker ·coupe was clear. The title was delivered to me about the first of September. It was acknowledged at that time. It was mailed to me. Title to the truck was taken by Darol Sterling. I know him. He lives at Mountain Grove, Wright County. I did not check the records of Wright County for chattel mortgages because I thought it was unnecessary since no lien was shown on this title. This vehicle is in my possession at this time and was at the time the replevin writ was served.''

The evidence on the part of both plaintiff and defendant tends to show that the automobile, at the time of the trial was worth any where from $700 to $750.

Defendant's Assignment of Errors is as follows:

''I. The court erred in finding for the plaintiff.

''II. The decision of the court herein was against the evidence and the law under the evidence.

''III. The court erred in admitting evidence as to purported chattel mortgage and copies thereof.

''IV. Where the only claim to possession of a motor vehicle is that for the purpose of enforcing a lien it is the duty of the trial court, when acting as a jury, to find the special interest of the parties that he finds entitled to possession. This was not done in the instant case and the judgment was therefore erroneous.

''V. The judgment in this case was incomplete and erroneous for the reason that the court did not find on all the issues presented in the pleadings and evidence, damages were claimed on the part of the plaintiff and the defendant's counterclaim and evidence asked for damages on the part of the defendant.

''VI. It was the duty of the court to make either an affirmative or nagative finding on each of said issues.''

The rule seems to be well settled that errors merely assigned but not otherwise presented in the brief, will be treated as abandoned. [Johnson v. Underwood, 324 Mo. 578, 24 S. W. (2d) 133; Citizens Bank of Senath v. Johnson (Mo. App.), 112 S. W. (2d) 916; Novosel v. Midwest Life Ins. Co. (Mo. App.), 276 S. W. 87.] We shall therefore confine ourselves to the assignment of errors developed under defendant's points and authorities or elsewhere.

In passing upon ·these assignments it must be borne in mind that the cause was tried by the court sitting as a jury; that the trial court made no finding of fact and no declarations of law were asked or given. In this situation it has been held by this court in Foulke v. Hickman et al. (Mo. App.), 259 S. W. 496, that the appellate court must assume that the trial court correctly applied the law and found as he did on the weight of the evidence and that such findings in a

law action are binding on the appellate court. If the record discloses substantial evidence to support the finding and judgment of the trial court it must be presumed that said court reached the correct conclusions. [Republic National Bank v. Interstate Prod. Corp., 221 Mo. App. 568, 282 S. W. 1033.]

Defendant seems to proceed upon the theory that Section 3488, R. S. Mo. 1939, applies in the instant case and that it was the duty of the mortgagee in the chattel mortgage to have requested the recorder at the time same was filed to certify on the certificate of title that such chattel mortgage had been filed and that otherwise it would not be notice to the world. In this contention he loses sight of the fact that the certificate of title had not been issued by the Commissioner of Motor Vehicles at the time the mortgage was filed. The chattel mortgage was executed on the 20th day of February and filed on the 22nd day of February. The certificate of title was not issued until the 26th day of February, consequently the recorder could not have certified thereon the filing of the chattel mortgage as the Statute requires. Moreover, said section specifically and definitely eliminates such chattel mortgages from the application of the statute. It closes with this provision: "Provided, however, that the provisions of this section shall not apply to chattel mortgages given to secure the purchase price of a motor vehicle sold by the manufacturer or their distributing dealer . . ." Obviously, this section has no application.

Section 8382, R. S. Mo. 1939, and particularly the proviso at the close of paragraph "C" thereof, provides the method by which the purchaser of a new car secures his certificate of title, but no mention is made relative to recording liens or encumbrances on the certificate of title to a new car; nor does the statute, anywhere, provide that a chattel mortgage given for the purchase price of a new car, from a dealer, shall not give notice to the world unless the recorder or any one else enters a memorandum on the certificate of title of the existence of such mortgage. In the case of Vetter v. Browne, 231 Mo. App. 1147, 85 S. W. (2d) 197, it is expressly held that liens or encumbrances referred to in paragraph "C" applies only to used or secondhand automobiles.

It has also been held in a case analogous in some respects to the case at bar, that a finance company, in a suit to replevin an automobile, may recover although the transaction between the parties to the sale of such automobile was void from the fact that there was a failure to comply with the provisions of Section 7774, R. S. Mo. 1929 (Mo. Stat. Ann., sec. 7774, p. 5193, said section appearing as Section 8382, R. S. Mo. 1939, and in substantially the same language), assuming that plaintiff had no notice of failure to deliver a certificate of title or of any infirmities therein. [National Bond and Investment Co. v. Miller (Mo. App.), 76 S. W. (2d) 703.]

Since we hold that Section 3488, *supra,* does not apply to mortgages given to a dealer to secure the purchase price of a new automobile, the same being exempt by the proviso at the close of said Section, the proper filing of such mortgage with the Recorder of Deeds in the proper county, gives notice to the world of its existence under the provision of Section 3486, R. S. Mo. 1939. At the time the certificate of title to the Studebaker coupe was assigned to the defendant, September 3, 1940, the mortgage executed by Sterling was on file in the proper county and imparted to the world that such mortgage was a valid lien against the property described therein.

Defendant complains that the judgment is incomplete and erroneous. The judgment in part is as follows:

". . . The Court doth find that at the time of the institution of this action the plaintiff was entitled to the possession of the property mentioned in evidence . . .; that the defendant wrongfully obtained said property and that the value of said property is $700.00.

"Wherefore, it is ordered, adjudged and decreed by the court that plaintiff have judgment against defendant and H. J. Lane, and John P. Moberly, the sureties in the redelivery bond filed by defendant herein; that defendant return said property to plaintiff, or in case plaintiff so elects, that plaintiff have and recover of defendant and said H. J. Lane and John P. Moberly, the said sureties, the value of said property so assessed, to-wit: the sum of $700.00, and have execution therefor; together with plaintiff's costs herein expended and that plaintiff have execution therefor against defendant and said sureties."

The judgment substantially complies with Section 1801, R. S. Mo. 1939. It is true as defendant contends, the judgment shows no finding on the question of damages. Be it remembered, however, the cause was tried before the court sitting as a jury. No finding of facts were requested or made. In this situation it must be presumed that in passing upon the facts, the trial court found that plaintiff was not entitled to damages. It is obvious that defendant could not have had a judgment for damages since plaintiff prevailed. Certainly, the failure of the court to set out in its judgment its finding on the question of damages, does not in any way invalidate same.

We have carefully reviewed this case in the light of the record, and find substantial evidence to sustain the finding of the trial court. No reversible errors appearing, the judgment is affirmed. *Blair, P. J.,* concurs in result; *Smith, J.,* concurs.