[1] This is an action in replevin for an automobile. The petition is in conventional form. The answer denied that plaintiff was entitled to the possession and asked damages in the sum of $250.00. The court found for defendant and allowed him $75.00 *Page 136 
as attorney's fee but no damages. Plaintiff appealed.
[2] The facts are that about November 29, 1947, one Ezra Warren purchased a 1939 Plymouth Coupe, from Gillette Willard, used car dealers at West Plains, Missouri, and gave them his note for Four Hundred Eighty Seven and 80/100 ($487.80) Dollars as part payment therefor. He also executed a chattel mortgage on the coupe to secure the note.
[3] The note was immediately sold to plaintiff, and endorsed without recourse. It was payable in installments and default was made in the payments which caused plaintiff, on June 9, 1948, to institute this action to recover the mortgaged car.
[4] About the first of February, 1948, the Plymouth coupe was sold to the defendant, Paul T. Miller, the certificate of title properly endorsed and delivered to him, but it did not bear the certification of the Recorder of Deeds that a chattel mortgage on the motor vehicle had been filed in his office. This certificate of title was sent in to the Commissioner of Motor Vehicles and a new one issued to Mr. Miller and it bore no notation of an existing chattel mortgage. The defendant did not actually know of the existence of the mortgage until the day before this suit was filed.
[5] The court made the following finding of fact:
[6] "The Court finds that because the Chattel Mortgage referred to in evidence was not noted on the Certificate of Title to automobile in question, such chattel mortgage is void as to this defendant."
[7] In 1939, the Legislature passed an act, Laws of Missouri, 1939, Page 278, Mo.R.S. A. § 3488, making it the duty of the Recorder of Deeds, at the request of "the mortgagee", or "his assignee" to certify on the certificate of title of a mortgaged motor vehicle that such chattel mortgage had been filed, the date, the amount of the mortgage and the name of the payee. When the mortgage is released the Recorder shall also note the fact. This statute further provides:
[8] "* * * A mortgage on a motor vehicle shall not be notice to the whole world, unless the record thereof is noted on the certificate of title to the mortgaged motor vehicle, as herein provided. Provided, however, that the provisions of this section shall not apply to chattel mortgages given to secure the purchase price of any part thereof or to a motor vehicle sold by the manufacturer or their distributing dealers, or to a chattel mortgage given by dealers to secure loans on the floor plan stock of motor vehicles."
[9] In the 1939 Revised Statutes (Official Edition) this section appears with the following proviso:
[10] "* * * A mortgage on a motor vehicle shall not be notice to the whole world, unless the record thereof is noted on the certificate of title to the mortgaged motor vehicle, as herein provided: Provided, however, that the provisions of this section shall not apply to chattel mortgages given to secure the purchase price of a motor vehicle sold by the manufacturer or their distributing dealers, or to a chattel mortgage given by dealers to secure loans on the floor plan stock of motor vehicles. (Laws, 1939, p. 278.)"
[11] The word "of" in the original act was clearly a typographical error, should have been "or", and could have been corrected by the Revision Commission, Section 685, R.S.Mo. 1939, Laws of Missouri, 1939, Page 480, Sec. 685, but they had no authority to make the change that appears in Section 3488.
[12] In 1941, Laws of Mo. 1941, Page 328, Sec. 3488, the Legislature corrected its own error by changing "of" to "or" in the proviso to the original enactment and while said section has since been amended as to recording fees, Laws of Mo. 1947, Vol. 2, Page 221, Section 3488 the proviso remained the same and now is:
[13] "* * * A mortgage on a motor vehicle shall not be notice to the whole world, unless the record thereof is noted on the certificate of title to the mortgaged motor vehicle, as herein provided. Provided, however, that the provisions of this section shall not apply to chattel mortgages given to secure the purchase price or any part thereof or to a motor vehicle sold by the manufacturer *Page 137 
or their distributing dealers, or to a chattel mortgage given by dealers to secure loans on the floor plan stock of motor vehicles."
[14] It is urged that this proviso applies only to new cars purchased from a manufacturer or a distributing dealer. We cannot assume that the legislature did a foolish and useless thing by repealing and re-enacting this statute in 1941. Before that time it covered cars bought from a manufacturer or distributing dealer. Interstate Securities Co. v. Barton, 236 Mo.App. 325,153 S.W.2d 393. The provisions of this statute are so clearly stated that there can be no doubt but the legislature intended it to apply to any mortgage given to secure the purchase price or any part thereof, of a motor vehicle, from whomsoever purchased.
[15] This note was given for part of the purchase price of the motor vehicle and therefore the requirement that a record of it be noted on the certificate of title does not apply. The Court was in error in holding that it was void as to defendant for that reason.
[16] But, unless it was recorded, or it or a copy, filed with the Recorder of Deeds in the County where the mortgagor (Warren) resided, it was not constructive notice to the defendant who was an innocent purchaser for value without actual notice. Section 3486, R.S.Mo. 1939, Mo.R.S.A. What does the transcript show about it having been filed? The mortgage was not and could not have been recorded, because it was not acknowledged or proved. It was introduced in evidence and it bears no recorder's stamp or certificate showing it was either recorded or filed.
[17] Witness, Eli Sliger, Vice President and General Manager of plaintiff testified that the mortgage had never been released of record. Ed Keisler, an agent of plaintiff, testified that he did not release the mortgage. Ezra Warren testified that he had not procured its release. This testimony could all have been true whether it was filed or not. None of them testified that the mortgage had ever been recorded or filed. If, from the fact that neither of these witnesses had procured its release, we could infer that as a matter of fact, it was recorded, upon this inference we would have to infer that Ezra Warren, the mortgagor, lived in Howell County at the time of its execution and that it was there recorded. We will take judicial notice that Caulfield is in Howell County, but Warren testified he had lived there only since March, 1948. We do not know where he lived prior to that time when the mortgage was executed. An inference must be founded on fact and not upon another inference. 12 Mo. Lifetime Digest, Evidence, 31 C.J.S., Evidence, § 116b, page 727 and cases cited. Whether the mortgage was filed with the Recorder would have been a fact easily proved but the transcript does not show that it was or was not.
[18] If the mortgage was not filed, defendant had no notice of it and plaintiff was not entitled to possession and could not recover. That right was put in issue by the answer.
[19] Appellant cites Sikes v. Riga et al., 221 Mo.App. 152,297 S.W. 727, 730, as authority for its statement that the evidence of filing was sufficient. The facts in that case are entirely different from this one. In the Sikes case the mortgages bore the certificate of the Recorder showing the recording, or filing of the instruments. There plaintiff alleged in his petition that the mortgage was recorded, giving the date. No objection was made to the introduction of the chattel mortgages and no issue as to their recordation or filing was made at the trial. Witnesses on cross examination practically conceded that they were recorded. The court said:
[20] "Under the pleadings we doubt if the allegation as to recording contained in the petition was put in issue. * * * That they were recorded is clear, * * *."
[21] In this case the petition did not mention the chattel mortgage. There is no evidence whatever that it was recorded or filed. If it was recorded or filed in Howell County, it was notice to a subsequent purchaser. If it was not, he took the motor vehicle free of the mortgage. The facts can be easily proved at a retrial.
[22] It is contended by respondent that plaintiff gave its consent to a sale by the mortgagor *Page 138 
but the evidence does not sustain him. What it may show on another trial is another matter.
[23] The cause should be reversed and remanded for retrial in accordance with this opinion. It is so ordered.
[24] BLAIR and McDOWELL, JJ., concur.