## P. M. KILLAM v. JOHN SCHOEPS.

INSTRUMENT, *Not a Negotiable Note.* An instrument in the following form is not a negotiable promissory note:

"$55.                         BURRTON, KANSAS, June 24, 1878.
On or before the first day of November, 1880, I promise to pay to the order of Aultman, Miller & Company, fifty-five dollars, with interest at ten per cent. from date, payable at express office, Burrton, Kansas; and if not paid at maturity, with annual interest at twelve per cent. on the amount then due until paid. The drawers and indorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them, or either of them. And it is hereby agreed by and between the maker hereof and Aultman, Miller & Company, that the Buckeye mower and reaper No. —, (for the use of which to the maturity hereof this note is given,) is now and shall remain the property of Aultman, Miller & Company; and in default of payment hereof the said machine shall be re-returned to Aultman, Miller & Company, their agent or attorney. For the purpose of obtaining credit, I, John Schoeps, certify that I own in my own, eighty acres of land in township of Lake, county of Harvey, and state of Kansas, of which eighty acres are improved, and the whole worth $1,500, and that it is unincumbered except to the amount of $—. I also own $500 worth of personal property over all indebtedness and legal exemptions, and there are no judgments against me.

JOHN SCHOEPS."

*Error from Harvey District Court.*

ACTION brought by *Killam* against *Schoeps*, upon a certain written contract held by plaintiff as indorsee. For a second defense, the defendant said:

"That he executed the writing in plaintiff's petition described, and that he executed two other instruments at the same time, and in the same form, and for like amount, but which have already fallen due, and that the first one due has been paid and the second one has passed into judgment; that said contracts were given in terms for the use of said mower and reaper therein described from the 24th day of November, 1878, and that on or about the — day of February, 1879, the said Aultman, Miller & Co., by virtue of the condition in said writing contained, seized and took away from this defendant's possession and premises the said machine, and

that they have ever since wholly deprived him of the possession, use and benefit thereof, and that during the year and harvesting season of 1879 and 1880, the time for which he was to have the use of said machine in consideration of said note agreed to be paid, the said Aultman, Miller & Co. wholly deprived this defendant of the possession and use thereof; that at the time he gave said notes or contracts in writing, the said Aultman, Miller & Co. represented to this defendant that said machine was a good mower and reaper, and would perform well the ordinary work and functions of such machines, but that on the contrary said machine was wholly worthless and unfit for the purpose for which it was designed, and for which it was purchased; that by reason of the foregoing facts the consideration for said written contract has wholly failed.

"Wherefore, defendant prays judgment for his costs."

To this defense the plaintiff filed a general demurrer, which the court, at the March Term, 1881, overruled, and gave the defendant a judgment for costs. The plaintiff brings the case here.

*Bowman & Bucher*, for plaintiff in error.

*J. W. Ady*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The single question in this case is, whether the following instrument is a negotiable promissory note:

"$55.                    BURRTON, KANSAS, June 24, 1878.

"On or before the first day of November, 1880, I promise to pay to the order of Aultman, Miller & Co., fifty-five dollars, with interest at ten per cent. from date, payable at express office, Burrton, Kansas; and if not paid at maturity, with annual interest at twelve per cent. on the amount then due until paid. The drawers and indorsers severally waive presentment for payment, protest and notice of protest and nonpayment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by the holder or holders to them, or either of them. And it is hereby agreed by and between the maker hereof and Aultman, Miller & Co., that the Buckeye mower and reaper No. —, (for the use of which to the maturity hereof this note is given,)

is now and shall remain the property of Aultman, Miller & Co.; and in default of payment hereof, the said machine shall be returned to Aultman, Miller & Co., their agent or attorney. For the purpose of obtaining credit, I, John Schoeps, certify that I own in my own, 80 acres of land in township of Lake, county of Harvey, and state of Kansas, of which 80 acres are improved, and the whole worth $1,500, and that it is unincumbered except to the amount of $—. I also own $500 worth of personal property over all indebtedness and legal exemptions, and there are no judgments against me.

                                        JOHN SCHOEPS."

This question must be answered in the negative. The contract stated in this instrument is not simply a promise to pay money, but a stipulation concerning the title to property, and a promise in reference to the future disposition of such property. It is essential to the negotiability of paper that there is in it but the single promise to pay money. You may not incorporate with such a promise stipulations and agreements as to other matters, and then say that the absolute promise to pay money lifts the contract into the region of negotiable paper. This is the general rule, and whatever exceptions there may be, this is not one. In 1 Daniel on Negotiable Instruments, § 59, the rule is thus stated: "In the sixth place, it is essential to the negotiability of the bill or note, that it purport to be *only for the payment of money.* Such at least may be stated to be the general rule, for if any other agreement of a different character be engrafted upon it, it becomes a special contract, clogged and involved with other matters, and has been deemed to lose thereby its character as a commercial instrument." Now this instrument touches other matters and contains other stipulations and provisions than those respecting the payment of money. It is a contract in respect to the title to property. It is also a contract for the possession of property, and because of these additional stipulations it is something more than a simple promise to pay money. It is true that in the case of *Seaton v. Scovill,* 18 Kas. 433, we held that the addition of a stipulation to pay costs of collecting, including reasonable attorney's fees, did

not render non-negotiable a note otherwise negotiable; but that, like a promise to pay interest or exchange, was simply a promise to pay money. We felt that in that case we were carrying the law to its extreme limit; hesitatingly we reached the conclusion there announced. The authorities are far from uniform in support of that decision; many of the highest courts in the land have differed from the views there expressed; still we believe the rule as there stated correct, but do not think there should be any extension thereof. The case at bar goes a long way beyond that; the additional stipulation is not in reference to the payment of money, but a matter entirely foreign and distinct. There might as well be included in one agreement a contract for the lease of real estate, or the hiring of chattels, or the performance of labor with an absolute promise to pay a sum certain at a certain time, and then affirm that by reason of this absolute promise the entire contract is a negotiable instrument. This is not the law. Doubtless many of the rules respecting negotiable paper are purely arbitrary, but nevertheless they are well settled, and ought to be rigorously enforced. Among those rules is that of the unity of the contract, the singleness of the promise to pay, and we think no departure should be made from the spirit or letter of those rules.

We conclude, then, that whenever any stipulation concerning other matters than the payment of money is incorporated in one instrument with a promise to pay money, such double contract will not be adjudged a negotiable paper. See in addition to the authorities cited by Daniel in his work on Negotiable Instruments, at the close of the extract heretofore made, the cases of *Fletcher v. Thompson*, 55 N. H. 308, and especially that of *Bank v. Armstrong*, 25 Minn. 530.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.