Emerson-Brantingham Implement Co. v. Faulkner.

---

No. 26,242.

EMERSON-BRANTINGHAM IMPLEMENT COMPANY, *Appellant*, v. GREGG N. FAULKNER, *Appellee*.

SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Fraud—Failure of Consideration—Sufficiency of Evidence*. In an action to recover on a promissory note, the evidence considered and held not sufficient to support a defense of fraud and no consideration.

2. CHATTEL MORTGAGES—*Loss of Lien—Consent to Sale*. Where a mortgagee knows the mortgagor is a dealer, buying to sell in regular course of business, and consents to a sale by the mortgagor, the purchaser takes free from the mortgagee's lien.

Appeal from Marshall district court; FRED R. SMITH, judge. Opinion filed December 5, 1925. Reversed.

*Walter T. Griffin*, of Marysville, for the appellant.

*C. D. Smith*, of Blue Rapids, and *W. W. Redmond*, of Marysville, for the appellee.

---

1. Bills and Notes, 8 C. J. §§ 1359, 1361. 2. Chattel Mortgages, 11 C. J. § 339; 43 L. R. A., n. s., 302; 5 R. C. L. 458.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by an indorsee, after maturity, to recover on a promissory (title) note. Defendant prevailed and plaintiff appeals.

The plaintiff was a corporation engaged in selling grain separators and other machinery, with a branch house in Kansas City. M. P. Robinson & Son, of Blue Rapids, were dealers in plaintiffs' machinery, buying on credit and on dealers' discount, sometimes mortgaging the articles purchased and reselling to customers, with general consent of the plaintiff. In the spring of 1921, Robinson & Son gave their dealers' order to plaintiff and procured, under its terms, a certain Geiser threshing machine, giving back a chattel mortgage which was filed in Marshall county. The order provided, "It is expressly agreed by the dealer that all proceeds of the sale of machinery herein ordered, with the accompanying security, shall be assigned and delivered to the company as collateral security to the obligation of the dealer therefor." Oral and written communications between the company and Robinson & Son authorized and ratified resale. Subsequently Robinson & Son took a written order for the thresher in question, signed by the defendant and others, following which defendant gave the note in controversy. He received delivery of a one-third interest in the thresher, subject to the provisions of his order and note, that the title should remain in the vendor until paid. The defendant, with his cotenants, received and used the thresher during the threshing season of 1921. The original note and chattel mortgage given by Robinson & Son to the plaintiff being in default, plaintiff sent its collector to Blue Rapids to make collection. Being unsuccessful, he went to the place where the thresher was located and posted notices of sale under the chattel mortgage given by Robinson & Son. About this time the collector for plaintiff received from Robinson & Son the note in controversy. Payment was demanded of the defendant, which later resulted in this action. Trial was to a jury. The execution of the note, the correctness of credits and indorsements were admitted by the pleadings. Plaintiff proved title, ownership and possession; the defense was fraud and failure of consideration. Verdict for defendant.

The defendant contends that false and fraudulent representations were made to him in the sale of the one-third interest; that Robinson & Son, in selling the thresher to him stated that it was owned

by them and was free and clear of encumbrance.  He also testified that in the fore part of August, 1921, he learned that the plaintiff had a mortgage on it; that he thereupon drove to Marysville (county seat) and found record of a mortgage in the office of the register of deeds; that in September or the first part of October he promised Robinson to give him a chattel mortgage on some wheat to secure his note; that later in October, the plaintiff's collector called upon him and wanted him to give a new note for the machine; that he told him they had one note and he thought that was enough.  He made two payments to Robinson & Son, one of $26.44 August 25, 1921, and one of $19.50 September 19, after he learned of the chattel mortgage to plaintiff; that when plaintiff's collector called upon him and made demand for payment, he told them to go ahead and foreclose on his interest in the thresher.  From which it is clear the defendant ratified and confirmed his purchase.  He neither pleaded nor proved rescission, made no offer to rescind, nor made any claim for loss or damage.  His own evidence showed that he used the machine as long as he had threshing to do; that he retained it long after he learned of the chattel mortgage in August; that he recognized the validity of his note and his liability thereon long after his discovery of the chattel mortgage given by Robinson & Son to the plaintiff.  Nor was his ownership and possession disturbed.  He contends that the plaintiff took possession of the machinery, and the jury so found, but the testimony showed, and the jury also found, that the possession consisted of the posting of the notice by plaintiff's collector.  No actual possession of the machinery was taken by the plaintiff.  It was neither locked nor in any manner disturbed.  We do not regard the posting of notices sufficient to constitute an act of possession.  Under the circumstances, the defense of fraud was not sustained.

The defendant contends that there was a failure of consideration; that the machinery in question was owned by the plaintiff at the time of the alleged sale to him by Robinson & Son.  The evidence showed that Robinson & Son were regular implement dealers, handling plaintiff's line of goods; that they bought the machinery in question under an order recognizing them as dealers, and authorizing and consenting to a sale by them of the machinery, and providing that the proceeds of such sale should be turned over to the plaintiff upon Robinson & Son's indebtedness.  It also showed that the plaintiff, after learning of the sale to defendant, fully

ratified and confirmed it; that plaintiff accepted the defendant's note and acted upon it in full knowledge and confirmation of the sale. It has been held that where a mortgagee knows the mortgagor is a dealer, buying to sell in regular course of business, a purchaser takes free from the mortgagee's lien. (*Rogers v. Whitney,* 91 Vt. 79; *Boice v. Finance and Guaranty Corp.,* 127 Va. 563; *Byam v. Johnson Brothers,* 93 Ia. 243.) And when the mortgagor has the mortgagee's consent to sell, the rule is the same. (5 A. & E. Encyc. of L. 995, 996; *Reese v. Kapp,* 82 Kan. 304, 108 Pac. 96; *Frick Co. v. Milling Co.,* 51 Kan. 370, 32 Pac. 1103.) When the mortgagee, with knowledge of the sale, receives the proceeds thereof, it is a ratification and the purchaser takes free from the mortgage lien. (*Mortgage Security Co. v. Elevator Co.,* 6 N. D. 407; *Ayres v. Mc-Conehey,* 65 Neb. 588; *Field v. Doyon,* 64 Wis. 560; *LaFayette Co. Bank v. Metcalf,* 29 Mo. App. 384.) A mortgagee cannot receive money or security knowing it to be the proceeds of a sale of the mortgaged property without, in effect, ratifying the sale. It cannot take the proceeds of the sale, and at the same time insist on its lien on the property sold.

In the instant case the defendant suffered no inconvenience or injury on account of the chattel mortgage of Robinson & Son to the plaintiff. He got the machinery and used it, was not in any manner disturbed in his possession. There could be no breach of his vendor's warranty until he was disturbed in his possession. His own testimony shows that the plaintiff made no claim against his interest in the machine; that it did not interfere with his ownership, use and control of it, and that he retained the full dominion over it so far as his interest was concerned unaffected by the chattel mortgage of which he now complains until he defaulted upon his note in controversy, after it had passed into the hands of the plaintiff. (See *Wey v. Schofield,* 53 Kan. 248, 36 Pac. 333; *Parkhurst v. National Bank,* 53 Kan. 136, 39 Pac. 1027; *Hall v. Hurd,* 40 Kan. 374, 21 Pac. 583.)

A motion by the plaintiff that the court instruct the jury to return a verdict in its favor should have been sustained. The judgment is reversed and the cause remanded, with instructions to enter judgment for the plaintiff.