No. 37,866

GENERAL MOTORS ACCEPTANCE CORPORATION, a corporation, *Appellee*, v. ARNOLD DAVIS, *Appellant*.

(218 P. 2d 181)

Opinion filed May 6, 1950.

*Lee R. Meador,* of Wichita, argued the cause, and was on the briefs for the appellant.

*J. R. Sheedy,* of Wichita, argued the cause, and *Vincent F. Hiebsch, Milton Zacharias, Kenneth H. Hiebsch* and *Lester C. Arvin,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for the conversion of an automobile.

For present purposes it may be said that on February 23, 1949, General Motors Acceptance Corporation, hereafter called the corporation, commenced an action against Arnold Davis, alleging that it had a special ownership or interest in a described Ford automobile by reason of a described conditional sales contract which had been

filed in the office of the register of deeds of Sumner county, and that there was due it under that contract the sum of $389.60; that defendant Davis had acquired the automobile, under circumstances set forth, and had converted it to his own use to the plaintiff's damage in the above amount, for which it prayed judgment. Davis's answer contained some admissions, alleged that he had no knowledge of any conditional sales contract, and in substance that he bought the automobile from a used-car dealer and obtained title free and clear of plaintiff's lien. The action was tried on an agreed statement of facts which disclosed that under date of March 2, 1947, one Gray purchased the automobile from the Hope Motor Company under a conditional sales contract, which contract was on the same day assigned to the corporation, the contract being filed in the office of the register of deeds of Sumner county on March 5, 1947. When Gray purchased the automobile from Hope, the certificate of title for it was made out to D. E. Gray, Used Cars, Wellington, Kansas, *but no lien was shown on the certificate of title.* On March 16, 1947, Gray sold the automobile to defendant Davis, a dealer in used cars. Davis's knowledge of the conditional sales contract was limited to such knowledge as might be imputed by reason of its being filed in the office of the register of deeds. On March 20, 1947, Davis sold the automobile to one Richey for a valuable consideration and retained the proceeds of the sale for his own use. It was also agreed there was due the corporation on the contract the sum of $389.60.

The cause was submitted for trial by the court upon the agreed statement of facts and on August 13, 1949, the trial court rendered judgment in favor of the corporation. Davis perfected his appeal and on October 12, 1949, he filed his combined abstract and brief in this court, wherein, on the same page, he stated his specification of error and also the question involved in the appeal. On March 29, 1950, the corporation filed its brief included in which is an argument that the specification of error set out in Davis's abstract presents no question for appellate review. On April 4, 1950, Davis, without specific permission, amended his specification of error, and on April 5, 1950, the corporation filed its objections to the amendment being given consideration. It is not necessary that we review decisions cited in the corporation's brief, for what is said in them was considered in the very recent case of *Dupont v. Lotus Oil Co.*, 168 Kan. 544, 213 P. 2d 975, where it was held:

"When an appellant's right to be heard on appeal is challenged on grounds of noncompliance with such rule and it appears from the record he has made no attempt to conform with its requirements until the day the cause is set for argument his appeal will be dismissed." (Syl. ¶ 3.)

It is clear from the abstract that the question in the trial was, and in this court is, the priority between the right of the holder of a conditional sales contract which has been duly filed as provided by statute (G. S. 1935, 58-314) covering an automobile and the right of the purchaser of the automobile from the maker of the contract. As originally prepared the combined abstract and brief, by the specification of error and the statement of the question involved, were such that the corporation was not in any manner misled or disadvantaged, and in its brief it has covered the question above stated. The appeal will be considered.

The record as abstracted discloses nothing from which the trial court's theory of decision may be clearly deduced and we therefore assume that it accepted the theory advanced by the corporation here, that there was a bona fide conditional sales contract made by Gray to Hope, duly assigned to the corporation, and filed in the office of the register of deeds prior to the sale of the described automobile by Gray to Davis; that there is nothing in the record to indicate that Hope consented to any sale by Gray or that the automobile was co-mingled with other stock of Gray; that the car was not a new one, and this fact should have placed Davis on notice of possible liens as he was a used car dealer familiar with the practices of the trade, and that he was not a member of the general buying public, but was a dealer familiar with trade practices, and that under the circumstances stated the case is one wherein the conditional sales filing statute (G. S. 1935, 58-314) applies; that Davis is not exempt from its operation, and to further extend exceptions to the statute would result in grave injustice and promote confusion as to the meaning of the act.

We pause here to note that, in part, Davis relies upon our decisions in *Emerson-Brantingham Implement Co. v. Faulkner*, 119 Kan. 807, 241 Pac. 431, where it was held:

"Where a mortgagee knows the mortgagor is a dealer, buying to sell in regular course of business, and consents to a sale by the mortgagor, the purchaser takes free from the mortgagee's lien." (Syl. ¶ 2.)

and to *Sorensen v. Pagenkopf*, 151 Kan. 913, 916, 101 P. 2d 928, where weight was given to failure to observe the requirements of

G. S. 1947 Supp. 8-135, hereafter mentioned, and where the above rule was approved, and to *Gump Investment Co. v. Jackson,* 142 Va. 190, 128 S. E. 506, cited and quoted from therein. Appellee directs attention to factual differences in those cases, not necessary to repeat here, and argues that the rule is inapplicable here. We are of the opinion that whether every inference included in the corporation's contention may be indulged in view of the scanty record, it may be assumed the trial court adopted the corporation's theory that one dealer purchasing from another dealer was not a member of the general buying public.

In our opinion, however, we need not treat at length the rule of the last cited cases, nor direct attention to many decisions from other jurisdictions where under circumstances dependent on varying facts and different statutory provisions as to constructive notice by reason of filing or recording of liens, the general rule has been followed and applied, and the doctrines of estoppel or consent applied, for as is pointed out by Davis, when Hope dealt with Gray it did more than take from him a conditional sales contract, it caused to pass to him a certificate of title to the described automobile showing no lien thereon. Long subsequent to the passage of the statute for filing chattel mortgages (G. S. 1935, 58-301) and for filing conditional sales contracts (G. S. 1935, 58-314) the legislature enacted statutes pertaining to registration of motor vehicles and providing for transfers of ownership thereof and for certificates of title thereto, especial attention being directed to G. S. 1947 Supp. 8-135, which is too long to be quoted here. Attention is directed to subdivision (1) which provides for application for a certificate of title and the requiring among other things, that it show "all liens or encumbrances thereon" and that the certificate of title shall contain a full and proper description of the vehicle "together with a statement of any liens or encumbrances," and to subdivision (2) for assignments. Under subdivision (3) dealers shall execute, upon delivery of the motor vehicle to the purchaser, "a bill of sale stating the lien or encumbrances thereon," and under subdivision (6) it shall be unlawful for any person to buy or sell in this state any vehicle required to be registered, unless at the time of delivery thereof, there shall pass between the parties such certificate of title with an assignment thereof.

In the case before us Hope not only delivered the automobile to Gray but it caused to be issued and delivered to Gray a certificate

of title which made no mention of any lien reserved or encumbrance thereon, all in violation of law if it be assumed that Hope did have a lien on the automobile by reason of the conditional sales contract, and by so doing Hope invested Gray with possession of the automobile and every indicia under the statute of a full and complete title free of any lien or encumbrance. Under such circumstances any person, member of the public generally, or a dealer in used cars, had the right to purchase from Gray upon satisfying himself that the certificate of title correctly identified the automobile being purchased, and to rely upon the certificate of title that there was no lien or encumbrance thereon. Hope, having invested Gray with indicia of full ownership may not say that one dealing with Gray without actual notice of Hope's rights, if any, dealt at his peril. The general rule is that an instrument evidencing an agreement to pay moneys but providing for retention by the payee of the title to the goods for which the note was given, is not a negotiable note (*Killam v. Schoeps,* 26 Kan. 310, 40 Am. Rep. 313, and *International Harvester Co. v. Watkins,* 127 Kan. 50, 272 Pac. 139, 61 A. L. R. 687). The corporation, although having acquired title to the conditional sales contract, stands in no better position than Hope. We need not discuss nor decide whether under the present motor vehicle act, it is possible for an individual, as distinguished from a dealer purchasing from a wholesaler, to execute a valid conditional sales contract on a motor vehicle.

In our opinion the judgment of the trial court may not be sustained. Its judgment is reversed and the cause remanded with instructions to render judgment for the defendant Davis.'

Wertz, J., not participating.