No. 39,473

*In re* UNIVERSAL FINANCE CORPORATION, INC., a Delaware Corporation, *Appellant*, v. DON SCHMID, doing business as DON SCHMID MOTOR, INC., *Appellee*.

and

UNIVERSAL FINANCE CORPORATION, INC., a Delaware Corporation, *Appellant*, v. DON SCHMID, doing business as DON SCHMID MOTOR, INC., *Appellee*.

(280 P. 2d 577)

Opinion filed March 5, 1955.

*Abraham Weinlood*, of Hutchinson, argued the cause and *Bill R. Cole* and *Kenneth F. Ehling*, both of Hutchinson, were with him on the briefs for the appellant.

*Albert L. Kamas*, of Wichita, argued the cause and *Milton Zacharias, Kenneth H. Hiebsch* and *Richard A. Render*, all of Wichita, were with him on the briefs for the appellee, Don Schmid Motor, Inc.

The opinion of the court was delivered by

SMITH, J.: These were two actions on notes and to foreclose chattel mortgages on automobiles. Judgment was for defendant. Plaintiff has appealed.

The cases were consolidated in the trial court. They involve like facts and legal questions. The facts as to only one of them shall be stated.

After the formal allegations, the petition stated, The Chaney Motors, Inc. gave plaintiff its note for $2,421.25, and at the same time executed a mortgage on a described automobile, which was recorded in Reno county on December 12, 1952; that about December 26, 1952, Chaney sold the car to defendant; that plaintiff still retained its mortgage; and the note was due and unpaid and

defendant refused to pay it. The mortgage was attached as an exhibit. Judgment was prayed for possession of the automobile or in the alternative, for judgment in the amount of the note, with interest.

The answer was first a general denial, and an admission that the car was sold to defendant, Don Schmid Motor, Inc. by Chaney, being then engaged as a motor car dealer for the sale of new automobiles, and that Chaney gave the company a bill of sale upon which there was no notation of a chattel mortgage; that defendant had no information as to whether the chattel mortgage was filed of record in Reno county, but purchased it in good faith as a retail dealer, relying upon the bill of sale, which showed no lien; that pursuant to the bill of sale there was issued to defendant a title certificate and there was no notation upon such certificate of any lien; that the car was seized by the sheriff by virtue of an order of delivery; that no affidavit in replevin was filed; and such order was void.

The reply of the plaintiff alleged a general denial, specifically denied that the order of delivery was void; specifically denied that defendant purchased the car as a retail purchaser; alleged that defendant did not purchase it in the regular course of business; and denied all allegations in the answer, which were intended to give defendant the status of an innocent purchaser.

The cause was submitted to the trial court. It made extensive findings of fact. These set out the facts about the mortgage and that the car was purchased by Chaney from the Packard Motor Company by means of a sight draft upon the plaintiff; that Chaney sold the car to Don Schmid Motor, Inc. on December 26, 1952; that an original bill of sale for the purchase price was signed by Chaney, president of the company, and showed on its face there was no lien against the car; that at the time of the purchase Don Schmid Motor, Inc., defendant, did not know of any outstanding, existing liens in favor of anyone; that on December 29, 1952, Don Schmid applied for title to the automobile and about the 6th of January, 1953, a certificate of title was issued to him and it showed no lien; that on January 2, 1953, plaintiff demanded payment of the amount shown on the chattel mortgage and that the payment was not made and no payments have been made by the defendant, Don Schmid Motor, Inc.; that Schmid had been in the used-new car business for many years; that he had previous

dealings with the Chaney Motors, Inc.; that he did not know, or have any reason to know, the suggested retail price of the car involved, but the amount the defendant paid for it was less than the suggested retail price; that there was no sales tax paid by Schmid; that there was printed in the chattel mortgage provision that the mortgagor was not to part with possession of the mortgaged property or remove it from the state; that in the normal course of business dealings that such could not be complied with; that any dealer selling automobiles could not physically comply with the printed language and sell automobiles that he had financed under such a mortgage; that the plaintiff knew that the Chaney Motors, Inc. was a retail franchise dealer for the Packard Motor Car Company; that the plaintiff knew the car involved in the litigation at the time the chattel mortgage and notes were executed would be placed in the place of business of Chaney for sale; that defendant, Don Schmid Motor, Inc. bought the car for the purpose of resale and expected to make a profit.

The court further stated:

"The Court is of the opinion that since the statute pertaining to registration and transfer of motor vehicles, particularly that section 8-135 was passed, considerably after the statute for the filing of chattel mortgages and conditional sales contracts in the Register of Deeds' office, that the legislature set up an exception to the general rule, and that in the statute of 8-135, the legislature did not distinguish between an individual or a member of the general buying public and that of a dealer who deals in cars or motor vehicles. Sub-section 3 of the statute pertaining to the transfer of ownership of any motor vehicle deals with reference to a bill of sale by which the dealer himself places thereon the lien or encumbrances, if any.

"I believe it is admitted by counsel that had this been a sale to an individual coming into the place of business, even here in this county, been a sale to an individual not in the business of buying or dealing in automobiles or motor vehicles, that the finance company, plaintiff herein, could not recover, but I cannot see any place in the statute where it distinguishes between an individual and a dealer in motor vehicles. Therefore, the Court is going to render judgment for the defendant in both cases for costs."

The plaintiff moved the court to set aside the findings of fact and any conclusions of law which were to the effect that defendant was under no duty to examine the records in the register of deeds office in Reno county, Kansas, and was not bound by these records and to find that the purchase of the vehicle in question was not in the ordinary course of retail trade; that the circumstances and facts known to the defendant were such as to put him on notice

of the probable existence of an encumbrance against the vehicle at the time of the transaction and purchase thereof; and to set aside the conclusions of law that G. S. 1949, 8-135, superseded the chattel mortgage filing statutes of the state of Kansas; and also for a new trial on the grounds of abuse of discretion, erroneous rulings of the court and the decision was in whole or in part contrary to the evidence.

These motions were all overruled—hence this appeal.

The specifications of error are that the court erred in overruling plaintiff's motions to set aside any findings of fact or conclusions of law to the effect that defendant was under no duty to examine the records in the register of deeds office in Reno county and was not bound by such records; in refusing to find that purchase by defendant was not in the ordinary course of retail trade; in refusing to find that the circumstances and facts known to defendant were such as to put defendant on notice with respect to the encumbrance; in refusing to set aside the conclusion of law that G. S. 1949, 8-135, superseded the chattel mortgage filing statutes; in refusing to find as a conclusion of law that under the circumstances of the case defendant had constructive knowledge of the existence of plaintiff's lien and was bound thereby; in rulings limiting inquiry into facts and circumstances tending to show defendant was not an ordinary purchaser at retail and tending to put defendant on notice so as to require inquiry as to possible liens, including the checking of records, and specifically, but not limited to, in refusing to permit inquiry into questions of defendant's knowledge of list prices, financing practices and any previous experiences of defendant; in refusing a finding of fact that defendant made no express inquiry as to whether there were actually any liens; in refusing to find there was no search of the records in Reno county; in finding that the provision of the mortgage that mortgagor could not part with possession was in effect without meaning or significance and could not be complied with in the normal course of business; in refusing to find that plaintiff knew the cars would be placed with Chaney for the purposes of sale and in refusing to find that the car was placed with Chaney for the purpose of sale at retail; in ruling that the question whether defendant was or was not a retail purchaser had no bearing and in refusing to make a specific finding that defendant was not a retail purchaser as to this car; and

in its conclusion that G. S. 1949, 8-135, created an exception to the chattel mortgage filing statutes on behalf of all purchasers without regard to whether the purchaser was an ordinary individual purchaser at retail or a dealer in motor vehicles buying for purposes of resale; in overruling plaintiff's motion for a new trial; and in rendering judgment for defendant.

The defendant states the questions involved to be:

"1. Whether the Kansas Title Registration Act pertaining to motor vehicles, abrogates or supersedes G. S. 1949, 58-301 pertaining to filing of chattel mortgages.

"2. Whether defendant is a retail purchaser not chargeable with constructive notice under G. S. 1949, 58-301.

"3. Whether the circumstances involved create any equity or estoppel protecting defendant against plaintiff."

The plaintiff refers first to G. S. 1949, 58-301, and points out that it had registered its mortgage as required by that act. Plaintiff concedes there are some recognized exceptions to the protection afforded a mortgagee by compliance with that act. Two of these as conceded by plaintiff are, where the mortgagee has deliberately or negligently created a situation causing a purchaser from the mortgagee to be misled, or where the mortgagor in possession is a dealer in the type of goods mortgaged and sells to a purchaser in the regular course of business. It argues neither of these exceptions apply here because the mortgagee was guilty of no misconduct nor did the mortgagor sell the car to a purchaser in the regular course of business. To sustain this position it points out the circumstances of the sale, that is, both automobiles were sold on the same day to a dealer in used cars at a city and in a county other than the one in which the mortgagor was doing business, and for an undisclosed price.

We cannot give these circumstances the weight for which plaintiff contends. We find nothing in this record to distinguish this case from *Emerson-Brantingham Implement Co. v. Faulkner*, 119 Kan. 807, 241 Pac. 431. There we held:

"Where a mortgagee knows the mortgagor is a dealer, buying to sell in regular course of business, and consents to a sale by the mortgagor, the purchaser takes free from the mortgagee's lien."

See, also, *Trapani v. Universal Credit Co.*, 151 Kan. 715, 100 P. 2d 735; also *Sorensen v. Pagenkopf*, 151 Kan. 913, 101 P. 2d 928.

A case involving an automobile recently decided is *General Motors Acceptance Corp. v. Davis*, 169 Kan. 220, 218 P. 2d 181. The

facts in the case were similar to those we have here and are well stated in the syllabus. It reads as follows:

"Gray, a dealer in used cars, purchased a motor vehicle from the Hope Motor Company under a conditional sales contract, which was on the same day assigned to General Motors Acceptance Corporation. When Gray purchased the motor vehicle from Hope he received from Hope possession of the motor vehicle and a certificate of title thereto, which was made out to D. E. Gray, Used Cars, but no lien was shown on the certificate of title. Two weeks later Gray sold the motor vehicle to Davis, who shortly thereafter sold it to Richey, retaining the proceeds of the sale for his own use. The corporation instituted an action against Davis for conversion of the motor vehicle to recover damages for the amount due under the conditional sales contract. *Held,* that Hope having invested Gray with possession of the motor vehicle and indicia of ownership thereof, free and clear of any lien or encumbrance, it may not be said that one purchasing from Gray, without actual notice of Hope's rights, dealt at his peril nor that Davis as such purchaser, did not obtain title to said motor vehicle free and clear of any lien or encumbrance. And *Held* further, that the conditional sales contract above mentioned was not a negotiable instrument and the assignee thereof stood in no better position than Hope, the assignor."

There is very little to distinguish this case from that on the facts. See, also, *Rauh v. Dumler,* 170 Kan. 698, 228 P. 2d 694.

The judgment of the trial court is affirmed.

ROBB, J., not participating.