**FIDELITY STATE BANK, a Corporation, Plaintiff-Respondent,**

v.

**John LA TEMPA et al., Defendants-Appellants.**

**No. 23328.**

Kansas City Court of Appeals.

Missouri.

Oct. 2, 1961.

Robert A. Sniezek, Selden M. Jones, Jr., Sniezek & Jones, Kansas City, for appellants.

Gene R. Martin, Ennis, Browne & Martin, Kansas City, for respondent.

BROADDUS, Judge.

The plaintiff-respondent instituted an action below entitled "Petition for Replevin", wherein it sought possession of a 1956 Chevrolet motor vehicle as against the defendants-appellants, Olin M. DeWitt, and Creason-Porter Motors, Inc. Defendant-appellant Olin M. DeWitt, filed his separate answer to plaintiff's petition and denied that it was entitled to possession, and therewith filed a counterclaim against it in the amount of $1,365 for damages for the wrongful taking of said motor vehicle. Defendant-appellant Creason-Porter Motors, Inc., filed its separate answer to plaintiff's petition and denied its right to possession.

Other pleadings and defendants in this cause need not be mentioned since they are not involved in this appeal.

The parties hereto stipulated that the case be tried without a jury and proceeded to trial on an Agreed Statement of Facts, the pertinent portions of which are as follows:

One John La Tempa on August 15, 1958, borrowed from plaintiff bank, the sum of $1,327.27, to finance the purchase of a 1956 Chevrolet (the motor vehicle involved in this appeal), and on said date executed and delivered to plaintiff bank, The Fidelity State Bank of Kansas City, Kansas, his promissory note together with a chattel mortgage. On August 18, 1958, plaintiff delivered to and deposited with the Register of Deeds of Wyandotte County, Kansas, a true copy of said note and chattel mortgage and paid the filing fee therefor. The Register of Deeds received said copy and endorsed on the back thereof the time of receiving and filed same under date of August 18, 1958, as document number D-342600, and delivered to plaintiff a receipt for said instrument. The chattel mortgage was entered in said books of said Register of Deeds and indexed under the letter "T", but was not indexed under the letter "L". At all of the above times the said John La Tempa was a resident of Wyandotte County, Kansas, and was engaged in the business of operating a pool hall. The latter was not a dealer in cars and had purchased the car from his brother who was also a resident of Wyandotte County, Kansas.

That subsequent to the purchase of the above automobile a Kansas Certificate of Title was issued for said automobile to the said John La Tempa, and that said Kansas Certificate of Title did not show thereon plaintiff's lien.

That on or about October 20, 1958, said John La Tempa, without the consent of plaintiff-bank, removed the automobile to Missouri and transferred possession thereof to a third person or persons, and thereafter possession was transferred to defendant-appellant Creason-Porter Motors, Inc., by John La Tempa in an assignment of the original Kansas Certificate of Title.

Between the dates of October 20, 1958, and November 8, 1958, defendant-appellant Creason-Porter Motors, Inc., did make inquiry of the Recorder's office, Wyandotte County, Kansas, as to whether or not there was an outstanding chattel mortgage filed against the automobile in question owned by the said John La Tempa of record in said office and was informed that there was none filed under the name of John La Tempa.

On November 8, 1958, defendant-appellant Olin M. DeWitt purchased said automobile from defendant-appellant Creason-Porter Motors, Inc., for $1,450.

Thereafter on November 13, 1958, defendant-appellant Creason-Porter Motors, Inc., transferred possession of said automobile to defendant-appellant Olin M. DeWitt and assigned the Kansas Certificate of Title to the latter and certified to the Department of Revenue of the State of Missouri that it was the legal owner of same and warranted it was free of any liens other than created by defendant-appellant Olin M. DeWitt. Missouri Title issued thereafter.

That neither defendant-appellant Olin M. DeWitt or Creason-Porter Motors, Inc., or other persons taking possession of said automobile had actual knowledge of the prior lien of plaintiff-bank. On or about June 8, 1959, the Sheriff of Jackson County under plaintiff-respondent's petition sought to obtain possession of said automobile and on June 17, 1959, said possession was given over to said sheriff and possession then given to plaintiff-bank. The value of the automobile on June 17, 1959, was $1,365. The Circuit Court ruled that plaintiff-respondent was entitled to possession of the automobile as against all defendants, and ruled in favor of plaintiff-respondent and against defendant-appellant Olin M. DeWitt on his counterclaim for damages for the wrongful taking. Defendants-appellants Olin M. DeWitt and Creason-Porter Motors, Inc., filed their Motions For New Trial together with Motions To Set Aside the Judgments, which were by the court overruled and thereafter said defendants prosecuted this appeal.

The ultimate question for determination is whether or not plaintiff has a valid chattel mortgage on the motor vehicle in question as against the claims of the defendants as subsequent purchasers of said motor vehicle. The defendants seize upon the fact that plaintiff's lien or encumbrance was not shown upon the Certificate of Title to the motor vehicle in question, and contend that by reason thereof they took free and clear of plaintiff's mortgage although it was recorded.

It should be noted that Kansas does not have a statute comparable to Sec. 443.480, V.A.M.S.1949, which provides in part: " * * * A mortgage on a motor vehicle shall not be notice to the whole world, unless the record thereof is noted on the certificate of title to the mortgaged motor vehicle, as herein provided; provided, however, that the provisions of this section shall not apply to chattel mortgages given to secure the purchase price or any part thereof * * *."

It might also be noted that the proviso of the Missouri Statute would except the instant transaction, since plaintiff's mortgage was security for the purchase price of the motor vehicle in question. See Interstate Securities Co. v. Barton, 236 Mo. App. 325, 153 S.W.2d 393; Butler County Finance Co. v. Miller, 240 Mo.App. 954, 225 S.W.2d 135.

Defendants, however, refer to the Kansas legislation pertaining to the registration of motor vehicles, transfers of ownership thereof, and for certificates of title thereto, as imposing upon a mortgagee a duty to have his lien endorsed or shown on the certificate of title. Yet, a careful search fails to reveal any such requirement in the Act, nor can there be found any requirement of a mortgagee to take and hold the certificate of title until the lien is satisfied. General Statutes of Kansas, 1957 Supp., 8–135. The statute is too long to quote in its entirety but, in summary, Subsection (c) (1) relates to certificates of title, and provides that an *owner* of a motor vehicle shall make application for a certificate of title which shall show, among other things, all liens and encumbrances thereon. Subsection (c) (2) provides for the assignment form on the reverse side of the certificate of title to be executed by the *owner*, and further provides that the assignment shall contain a statement of all liens and encumbrances at the time of the assignment. Subsection (c) (3) because of its importance in analyzing the decisions cited by defendants, we set out in full:

"*Dealers* shall execute, upon delivery to the purchaser of every vehicle, a bill of sale stating the lien or encumbrances thereon, in accordance with form prescribed by the commission for all vehicles sold by them. Upon the presentation to the commission or its authorized agents of a bill of sale executed in the form prescribed, by a manufacturer or *dealer* for a new vehicle, sold in this state, a certificate of title shall be issued in accordance with the provisions of this act: Provided, however, that simultaneously with the application for certificate of title, there is also an application for registration, and in no other cases." (Emphasis supplied.)

A careful reading of the statute will disclose that the duty is upon an *owner* of a motor vehicle, and not upon a mortgagee, to make application for title and to show thereon any liens, and it is also the *owner's* duty to execute an assignment of the title and to show thereon any liens at that time. No obligation is imposed by the statute, or the decisions, upon a mortgagee as such to see that his lien is shown in the assignment. Of course, if the mortgagee is the seller (owner) taking a mortgage back from the purchaser of the motor vehicle, he will, as the owner and assignor, be required to show his lien on the form of assignment. Subsection (c) (3) quoted above imposes an additional duty upon the *dealer* to execute a bill of sale upon the sale of any motor vehicle, new or used, and to state therein the lien or encumbrance.

A careful search of the Kansas decisions has failed to reveal any case factually in point. Although the defendants have cited three cases in their brief which they contend are controlling, these cases are clearly distinguishable from the case at bar.

In the case of General Motors Acceptance Corp. v. Davis, 169 Kan. 220, 218 P. 2d 181, 18 A.L.R.2d 808, principally relied upon by defendants, the plaintiff was assignee of a *dealer* in motor vehicles, and,

as the court held, could not claim any better position than the dealer. The dealer sold the car to another dealer on a conditional sales contract, but failed to comply with provisions of G.S.1957 Supp. Sec. 8-135(c) (2) and (3), quoted above; that is, the owner-dealer made an assignment of the certificate of title without showing a lien therein, and failed to deliver a bill of sale showing its lien. Because the dealer had not complied with the statute imposing a specific duty upon him, and thereby clothed another with indicia of ownership, free and clear of liens, it was held that plaintiff was estopped to assert its lien against an innocent purchaser, although duly recorded.

The court therein further stated, 218 P. 2d at page 184:

"We need not discuss nor decide whether under the present motor vehicle act, it is possible for an individual, as distinguished from a *dealer* purchasing from a wholesaler, to execute a valid conditional sales contract on a motor vehicle." (Emphasis supplied.)

The language of the court definitely shows the decision made was intended to apply only to dealers who fail to show their lien on the certificate of title or bill of sale.

In the case of Commercial Credit Corp. v. Kemp, 176 Kan. 350, 270 P.2d 209, cited by the defendants, the plaintiff was assignee of the *seller* of the motor vehicle, who had taken a chattel mortgage from the buyer. The seller and purchaser had joined in an application for title which did not show the lien. Here again a statutory duty rested upon the seller (owner) of the motor vehicle to show its lien on the application for title, and, because of the seller's failure in this respect, it was held that its assignee would be estopped to claim a lien against an innocent purchaser.

The case of Universal Finance Corp. v. Schmid, 177 Kan. 414, 280 P.2d 577, 579, also was decided upon the principle of estoppel. Plaintiff, in that case, took a mort-

gage from a *dealer* in motor vehicles, who sold the automobile in the regular course of his business, without complying with the Kansas Statute G.S. Sec. 8–135(c) (3). The court there held, that where a mortgagor in possession is a *dealer* in the type of goods mortgaged, and he sells to a purchaser in the regular course of business, the mortgagee would be estopped to assert its lien, as against an innocent purchaser without notice of the lien, because the mortgagee, by its manner of dealing with the dealer, had put it in the dealer's power to mislead the purchaser.

■ None of the facts giving rise to an estoppel in the cases cited by defendants exist in the case at bar. In the instant case, plaintiff was lending money, as a banking institution, to the defendant La Tempa to purchase the automobile in question from his brother. Plaintiff was not the owner or the seller of the motor vehicle in question, and La Tempa was not a dealer in motor vehicles. He was buying the automobile for his personal use, and not to resell as a part of his regular course of business. Under these facts, no duty by the statutes of Kansas was imposed upon plaintiff herein, as was imposed upon the mortgagee in the cases cited by the defendants which called into application the principle of estoppel.

Defendants also attack the validity of plaintiff's chattel mortgage upon the theory that it should have been indexed under the letter "L", instead of the letter "T", and that because the register of deeds thereby failed to properly index the same, plaintiff's chattel mortgage did not impart constructive notice to subsequent purchasers and mortgagees.

Since plaintiff's mortgage was executed and recorded in Wyandotte County, Kansas, we must refer to the Kansas Statutes and decisions to determine whether or not it was validly recorded so as to impart constructive notice to the world. The pertinent Kansas Statutes relating to Chattel Mortgages and the recording thereof are found in Chapter 58, General Statutes of Kansas 1949. Section 58–301 thereof imposes a duty upon the mortgagee to have the mortgage or a true copy thereof "forthwith deposited in the office of the register of deeds of the county in which the mortgagor resides", in order to preserve the validity of his mortgage as against subsequent creditors, purchasers and mortgagees in good faith. Sections 58–302 and 58–306 impose certain duties upon the register of deeds with respect to filing, recording and *indexing* chattel mortgages.

In 14 C.J.S. Chattel Mortgages § 162, Indexing, the general rule is stated as follows:

"Except as required by statute the mortgage need not be indexed; and generally failure to index it, or defectively indexing it, does not affect the validity of the filing or recording, even where the officer is required by statute to index. * * *"

Statutory requirement of indexing imposed upon the officer is generally held not to be a part of the "filing", and that the mortgage will constitute notice, although the officer fails to index it, or *indexes it in a defective manner*.

■ Filing consists of delivery of the paper to be filed to the proper officer at the proper place within the proper time, and the receiving of it by him to be placed or kept on file or to be kept in his official capacity. Generally the deposit or lodgment of an instrument for filing in the proper office and its acceptance for that purpose by the proper officer constitutes a filing without regard to any action such officer may take or fail to take. See 76 C.J.S. Records § 4.

Although the Kansas decisions have not directly dealt with the factual problem presented here concerning the alleged failure of the register of deeds to properly index the chattel mortgage, nevertheless, the cases which have dealt with related matters have indicated that Kansas would fol-

low the general rule. We are not aware of any Kansas decision which states the contrary.

In the case of Standard Implement Co. v. Parlin & Orendorff Co., 51 Kan. 566, 33 P. 363, the mortgagee delivered the chattel mortgage to the register of deeds at his home on a Sunday and the same was not filed by the register at his office until the following Monday. During the interval a creditor of the mortgagor attached the chattel. At page 365 of 33 P. the court stated:

"If the chattel mortgage had been deposited during the usual business hours of any week day by Eastwood with the register of deeds in his office, and the register had failed or neglected to file it until the next morning, or some subsequent day, the rights of the mortgagee would not be affected or prejudiced thereby in a contest with another creditor."

In the case of Rathburn v. Hamilton, 53 Kan. 470, 37 P. 20, 21, the court stated:

"It is generally held that the duties imposed upon a filing officer of indorsing and recording a paper do not constitute any part of the filing, so far as the party delivering the paper is concerned, and that the rights of interested parties should not be prejudiced by the inadvertence or neglect of the officer to indorse the evidence of filing upon the paper. Wilkinson v. Elliott, supra, (43 Kan. 590, 23 P. 614); Implement Co. v. Parlin & Orendorff Co., 51 Kan. 576, 33 P. 360; * * *."

In Tomlinson v. Tomlinson et al., 121 Kan. 206, 246 P. 980, loc. cit. 982, it was held:

"A paper is deemed to be filed when it is delivered to the proper officer and received by him to be kept on file. Parties who deliver a paper to the officer for filing should not be prejudiced by the omission of the officer to indorse and preserve it." Citing Implement

Co. v. Parlin & Orendorff, supra, and Rathburn v. Hamilton, supra.

It would seem clear from these authorities that the statutes and decisions of Kansas do not impose any duty upon a mortgagee to stand over the register of deeds to see that he properly files, records and indexes the mortgage, nor do they require a mortgagee to later check and verify the register's books and records to see that he has properly performed his duties. When a mortgagee deposits his chattel mortgage for recording in the office of the register of deeds, he has complied with the requirements of the statute, his mortgage is deemed filed, and notice thereof is imparted to the world. Any act or omission of the register which prevents subsequent creditors or purchasers from discovering the prior encumbrance will not vitiate the mortgage lien.

The judgment is affirmed. All concur.