No. 57,494

H. FREEMAN & SON, *Appellee*, v. HENRY'S, INC., *Appellant*.

(717 P.2d 1049)

Opinion filed
May 2, 1986.

*Broc E. Whitehead*, of Williamson, McGee, Griggs & DeMoss, Chartered, of Wichita, argued the cause and was on the brief for appellant.

*James R. Barr*, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by the defendant, Henry's, Inc., a Wichita clothing retailer, from a judgment for $1,611.70 entered against it and in favor of the plaintiff, H. Freeman & Son. This case was transferred from the Court of Appeals to this court pursuant to K.S.A. 20-3018. Defendant claims that the trial court erred in its findings of fact and in awarding a judgment to the plaintiff under the theory of unjust enrichment.

The case was submitted to the trial court upon stipulated facts, which we summarize as follows: The William B. Kessler Company filed a petition in United States Bankruptcy Court on November 21, 1980. Also, the William B. Kessler Company sold and assigned the distribution rights to a certain line of goods to H. Freeman & Son. Henry's was not notified of these actions. Thereafter, it ordered a quantity of the merchandise from Kessler. At the time of ordering, Henry's had a credit balance with Kessler in excess of the value of the goods ordered. Freeman filled the order and shipped the goods to Henry's. Freeman did not have knowledge of the credit balance. Freeman has not been paid for the merchandise, the value of which is the amount of the judgment. Henry's received the merchandise and utilized it in the usual course of Henry's retail clothing business.

The trial court's findings of fact are as follows:

"1. That the defendant received the merchandise as alleged by the plaintiff.

"2. That defendant ordered the subject merchandise from a William B. Kessler Company, Inc., expecting to offset the order against a credit balance with the William B. Kessler Company, Inc., but that company was in bankruptcy and the

distribution rights for the subject merchandise had been sold out of the Bankruptcy Court to plaintiff.

"3. The defendant's order was forwarded to, and filled by plaintiff.

"4. The defendant would not have been able to enforce the credit balance against the debtor, William B. Kessler Company, Inc., except through the Bankruptcy Court and not by attempting to force an independent offset.

"5. The defendant sold the merchandise in the usual course of its retail business at a 100% markup.

"6. Defendant has had the benefit of the subject merchandise without any cost, and has recovered in addition a normal profit.

"7. Plaintiff has parted with the subject merchandise to defendant and to date has received nothing.

"8. The defendant has been unjustly enriched at the expense of the plaintiff, and therefore the defendant should be required to reimburse the plaintiff the invoice cost of the merchandise, $1,611.70."

The court then entered judgment against the defendant for $1,611.70, plus interest and costs.

The case before us was submitted on stipulated facts. When a case has been submitted to the trial court on stipulated facts, this court is afforded the same opportunity to consider the evidence as did the court below, and to determine de novo what the facts establish. When the facts are stipulated, the trial court has no better opportunity to evaluate the credibility of the witnesses; this court is in just as good position to evaluate the stipulated evidence as was the trial court. See *Blue Cross & Blue Shield v. Riverside Hospital*, 237 Kan. 829, 833-34, 703 P.2d 1384 (1985), and cases therein cited.

Defendant first contends that the trial court's findings of fact included in paragraphs Nos. 2 and 6 above are not supported by the evidence and are clearly erroneous. With regard to finding No. 2, Henry's challenges that part of the finding which recites that the distribution rights "had been sold out of the Bankruptcy Court." While it is true that there is nothing in the stipulation to support that portion of the finding, whether in fact the distribution rights were sold prior to the bankruptcy or during the pendency thereof is immaterial. We find nothing clearly erroneous in finding No. 2. Kessler's bankruptcy is immaterial to the issues here.

As to finding No. 6, defendant argues that it maintained a credit balance with Kessler at the time it ordered the merchandise, and that the merchandise was ordered to reduce that balance. Therefore, defendant contends that it effectively paid for the merchandise. The trial court found that it had the benefit

of the merchandise without any cost. In effect, Henry's had already made payment to Kessler for the merchandise when the merchandise was ordered. If Henry's had sent a check along with this order, Kessler had cashed the check and retained the proceeds, handed the order to Freeman, and Freeman had filled the order, the effect would be the same: Henry's would have paid once for the merchandise and now is being asked to pay for it a second time. We hold that the trial court was clearly erroneous in finding that defendant had the benefit of the merchandise "without any cost." The fact that Henry's recovered a profit upon sale of the merchandise is not material in this case.

Similarly, Henry's contends that the trial court erred in awarding judgment to Freeman based on a finding that Henry's had been unjustly enriched at Freeman's expense. Again, Henry's emphasizes that it had a credit balance with the Kessler Company at the time it ordered this merchandise from Kessler and, therefore, it had already paid for the merchandise prior to ordering it.

In an analogous situation, it is fundamental that the assignee of a contract acquires no greater rights from the assignment than those possessed by the assignor. *Alldritt v. Kansas Centennial Global Exposition*, 189 Kan. 649, 657, 371 P.2d 181 (1962); *Securities Acceptance Corporation v. Perkins*, 182 Kan. 169, 173, 318 P.2d 1058 (1957).

In 6A C.J.S., Assignments § 99, we find the following:

"Generally, the assignee of a chose takes it subject to all equities and defenses existing between the assignor and the debtor prior to the notice of the assignment, but not those arising after notice of the assignment."

Likewise, in 6 Am. Jur. 2d, Assignments § 102, we find this statement:

"In an action on a claim assigned, the assignee is ordinarily subject to any setoff or counterclaim available to the obligor against the assignor and to all other defenses and equities which could have been asserted against the chose in the hands of the assignor at the time of the assignment."

Had Kessler filled the order and then sold and assigned its claim for payment against Henry's to Freeman, there is no question but that Henry's would have been entitled to offset its credit balance with Kessler against Freeman's demand.

Here, Kessler sold and transferred its right to sell a certain line of clothing to Freeman. Henry's ordered the merchandise from

Kessler, having at that time a credit balance with Kessler greater than the value of the goods ordered, and having no knowledge of Kessler's assignment to Freeman. Without notice to Henry's, Kessler sent the order on to Freeman and Freeman filled the order. Had Henry's been notified that Kessler was no longer handling the line of clothing ordered, that Freeman was about to fill the order, and that Freeman would not honor any payments made to or credits with Kessler, Henry's could then have made an informed decision whether to cancel the order, whether to permit Freeman to fill the order, or whether to place the order with some other supplier. Under the facts of this case, we hold that it was Freeman's duty to notify Henry's of the contract assignment from Kessler to Freeman, and that Freeman would not honor any payments or credits to Kessler. It would be inequitable to require Henry's to pay again for the merchandise. We conclude that the trial court erred in entering judgment for Freeman.

In view of our holding herein, we need not decide the other issues raised.

The judgment is reversed.