No. 38,933

Commercial Credit Corporation, *Appellant,* v. Walter E. Kemp and The McPherson & Citizens State Bank of McPherson, Kansas, *Appellees.*

(256 P. 2d 859)

Opinion filed May 9, 1953.

*D. E. Watson,* of Salina, argued the cause and was on the briefs for the appellant.

*George R. Lehmberg,* of McPherson, argued the cause and *J. R. Rhoades,* of McPherson, was with him on the briefs for the appellee, Walter E. Kemp; no appearance was made for The McPherson and Citizens State Bank of McPherson, appellee.

The opinion of the court was delivered by

Smith, J.: This was a replevin action for an automobile. The appeal is from an order of the trial court sustaining defendant Kemp's demurrer to plaintiff's petition.

The petition after identifying the parties alleged plaintiff was the special owner and entitled to the possession of a Ford automobile by virtue of a chattel mortgage executed by its purchaser, one Neymanowski, on February 28, 1950, to Albert F. Steiner, of Detroit, Mich., assigned to plaintiff by Steiner on March 2, 1950, at Detroit; that plaintiff was and at all times had been the owner of the chattel mortgage; that plaintiff caused this chattel mortgage to be recorded and filed in the office of the Register of Deeds of Wayne County, Michigan, March 9, 1950. A true copy of the mortgage was attached to the petition. The petition then alleged the conditions of the mort-

gage had been broken, in that no payments had been made thereon since July, 1950; that without knowledge or consent of plaintiff defendant Kemp took the automobile from Wayne County, Michigan, about July 17, 1950; that it had been wrongfully detained from plaintiff since July 17, 1950, by defendant Kemp, of Conway, Kan.; that at all times since July, 1950, plaintiff had been and was entitled to the immediate possession of it; that it had often demanded possession of it but Kemp had refused to surrender it; that the automobile was not taken in execution or on any order or judgment against plaintiff or for the payment of any tax, or by virtue of any order issued in replevin or any other means or final process issued against plaintiff. The petition then alleged that there remained due on the chattel mortgage the sum of $622.80, together with interest; that by reason of the unlawful detention of the automobile plaintiff had sustained damages in the amount of $250 and the actual value of the automobile was $1,350.

The prayer was for possession of the automobile and if possession could not be had, for a judgment of $1,350 and $250 damages for its detention.

This petition was filed January 31, 1952. The chattel mortgage, a copy of which was attached to the petition, shows that the mortgage was in the amount of $848.04, the unpaid purchase price; that the entire purchase price was $1,535.80 less the down payment, which left $800, which with $48 for insurance made the amount of $848.04, for which the mortgage was given; that monthly payments were to be $70.67, the first installment payable April 2, 1950.

On February 28, 1952, or about a month after the filing of the petition, the defendant Kemp filed a motion for an order requiring plaintiff to make Donald Tipton and Arthur Neymanowski, both of Detroit, Mich., and The McPherson and Citizens State Bank of McPherson, Kan., additional parties defendant. In support of this motion defendant stated that Neymanowski sold the automobile to Tipton and Tipton sold it to Kemp and Kemp mortgaged it to the bank. On the same day Kemp asked for additional time to answer or plead. Also on February 28, 1952, plaintiff moved the court for judgment on the pleadings.

On March 7, 1952, the motion requiring the plaintiff to make additional parties defendant was sustained. Kemp was given until April 18, 1952, in which to plead and the motion of plaintiff for judgment on the pleadings was overruled.

On March 10, 1952, the plaintiff filed a motion moving the court to vacate its decision made on March 7, 1952, in which defendant's motion to make additional parties defendant was sustained and plaintiff's motion for judgment on the pleadings was overruled.

The grounds set out for this motion were abuse of discretion of the court, misconduct of the defendant, accident and surprise, plaintiff was not afforded a reasonable opportunity to present his argument and erroneous rulings of the court in that it was a possessory action only in replevin; that no questions could be presented in this action except as to plaintiff's right of the possession of the automobile; that none of the persons named by the defendant had held possession of the automobile at the time the action was commenced; that the court was without authority to render judgment for plaintiff against any of the parties named in defendant's motion for additional parties and the decision of the court was given under the influence of passion and prejudice.

At the same time this motion was filed an affidavit of counsel was filed in which it was alleged that none of the parties named in defendant's motion for additional parties were in possession of the automobile in question at the time of the commencement of the action and no judgment could be had against any of them and plaintiff knew no reason why such parties should be made defendants; that the order making them defendants was void and because it was void, they were not in fact parties to the action at the time of the filing of the motion and that plaintiff, therefore, had no authority to attempt service of process upon any of them.

On April 10, 1952, the bank moved for an order allowing it to enter its appearance and become a party to the action by way of intervention and to set up a claim to the automobile.

On April 15, 1952, the defendant Kemp demurred to the petition of the plaintiff on the ground that it did not constitute a cause of action against the defendant and in favor of the plaintiff.

On April 18, 1952, the plaintiff filed a motion for judgment on the pleadings.

On August 8, 1952, the court set aside the order that Tipton, Neymanowski and the McPherson bank should be made parties defendant; overruled the motion of plaintiff for judgment on the pleadings; allowed the bank to intervene, allowed it twenty days to plead and sustained the defendant's demurrer to plaintiff's petition.

The sole specification of error is that the trial court erred in sustaining the demurrer of defendant Kemp to plaintiff's petition.

Defendant Kemp argues the judgment was correct upon two grounds—first the ownership of plaintiff in the automobile was pleaded to be a special ownership and plaintiff sought by the action to recover the possession of the automobile or its value. Defendant argues the recovery should be limited to the actual interest of plaintiff. Granted this be the correct view as to plaintiff's right to recover it would not be ground for a holding the petition did not state a good cause of action in replevin. Defendant cites no authorities to sustain his position. We doubt if there are any. The petition complies with the provisions of G. S. 1949, 60-1001 to 1014 as to what must be stated in a petition in replevin.

Defendant next argues his demurrer to the petition is good because he should not be put to the expense of answering and setting up a defense when the plaintiff had not stated in its petition sufficient facts to show that it had complied with the certificate of title law so as to warn an innocent purchaser. Defendant asks us to examine the statutes of Michigan and authorities construing them. We cannot do that on this record. No motions were directed at this petition. As we have heretofore noted the petition complies with the statute. Plaintiff is entitled to a liberal construction of it. We only learn of the sales of the car in Michigan from the motion in which the defendant asks to have additional parties defendant. This motion was not a part of the petition. Even though the defendant was correct in his argument as to the effect of the Michigan statute, we do not have that question before us.

As this record stands, the McPherson bank has been permitted to interplead. It did not do so because defendant's demurrer was sustained on the same day its motion was sustained. Opportunity was given it, however, to interplead and set up its rights. The defendant will have the same opportunity.

The judgment of the trial court is reversed with directions to overrule the demurrer and proceed with the trial of the cause.