No. 39,386

COMMERCIAL CREDIT CORPORATION, *Appellant*, v. WALTER E. KEMP and THE McPHERSON & CITIZENS STATE BANK OF McPHERSON, KANSAS, *Appellees*.

(270 P. 2d 209)

Opinion filed May 8, 1954.

*D. E. Watson*, of Salina, argued the cause and was on the briefs for the appellant.

*George R. Lehmberg*, of McPherson, argued the cause, and *J. R. Rhoades*, of McPherson, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is a replevin action to recover possession of a Ford automobile or, in lieu thereof, the value of the car and damages. From a judgment adverse to it, plaintiff has appealed.

The case has been here previously in an appeal from an order sustaining defendant Kemp's demurrer to the petition (*Commercial Credit Corporation v. Kemp*, 174 Kan. 480, 256 P. 2d 859). Reference is made to our former opinion for a summary of the allegations of the various pleadings, down to and including the demurrer in-

volved. Subsequent to our reversal of the ruling on the demurrer defendant bank filed its answer claiming a prior lien on the automobile in question based on a chattel mortgage executed by defendant Kemp to the bank.

Defendant Kemp filed his answer alleging that plaintiff has no valid lien on the car; that neither plaintiff nor its assignor had complied with the provisions of Michigan law concerning certificates of title, and that due to plaintiff's negligence and laches it is estopped from asserting any right, title or interest in the car.

Plaintiff's reply was in the form of a general denial.

Eventually the parties entered into a stipulation of facts and submitted the cause to the court for decision on a question of law only, namely, the priority of the two liens in question.

The facts, as shown by the stipulation and exhibits attached to the various pleadings, may be summarized as follow:

On February 28, 1950, the Veterans Cab Company of Detroit, Michigan, by Arthur Neymanowski, its vice president, purchased the Ford automobile in question from Alfred F. Steiner Company of Detroit for the sum of $1,535.80. The purchaser executed and delivered to the seller a chattel mortgage on the car in the amount of $848.04 to secure the unpaid balance of the purchase price. A few days later this chattel mortgage was assigned by the seller to the plaintiff in this action and was duly filed of record in Wayne County, Michigan, on March 9, 1950.

On the date of sale, February 28, 1950, the seller and purchaser made application to the proper Michigan authorities for a certificate of title. This application stated that the car was purchased for cash and that there was no lien of any kind on it.

On March 10, 1950, a certificate of title was issued in the name of the Veterans Cab Company, the purchaser, and this certificate showed that there was no lien on the car.

On April 4, 1950, the Veterans Cab Company assigned the certificate of title to one Tipton, and on April 12, 1950, a certificate of title was issued to Tipton, which also showed no lien on the car.

On July 17, 1950, Tipton sold the car to defendant Kemp, and Tipton assigned the certificate of title, showing no lien, to him.

All of the foregoing transactions took place in the state of Michigan, and shortly thereafter Kemp drove the car to Kansas where he obtained a certificate of title showing no lien. Subsequently Kemp mortgaged the car to defendant bank. The bank knew that Kemp

had purchased the car in Michigan from an individual, prior to the execution of the mortgage to it.

The parties further stipulated that neither Alfred F. Steiner Company, the original mortgagee and seller, nor its assignee, the plaintiff, in any manner attempted to have the mortgage which was executed by the Veterans Cab Company, or the lien thus created, shown upon the certificate of title issued to the Veterans Cab Company, and that neither defendant Kemp nor defendant bank had actual knowledge of the mortgage relied upon by plaintiff.

It was further stipulated that as between defendant Kemp and defendant bank the mortgage from Kemp to the bank is valid, but that it is inferior to plaintiff's mortgage if the latter is found to be valid and enforceable against Kemp.

And finally, it was stipulated that the trial court must take judicial knowledge of such Michigan laws as are applicable to the case, and that the same must be considered by the court in arriving at its decision.

Upon the facts thus agreed to the court rendered judgment finding that the car in question is the property of defendant Kemp, free and clear of any mortgage, lien or claim of plaintiff, and that the chattel mortgage held by defendant bank constitutes a first and prior lien thereon.

In announcing its decision the court commented to the effect that when one of two innocent parties must suffer loss it must be borne by the one whose act or omission made the loss possible, and that plaintiff assignee stands in no better position than the party who caused the loss.

Plaintiff has appealed, and the basic question is whether the original chattel mortgage, of which plaintiff is the assignee, constitutes a valid and enforceable lien on the car as against the present owner, Kemp.

In our opinion the decision reached by the trial court is correct.

The facts are simple. The laws of Michigan concerning applications for registration and certificates of title to automobiles provide that an application shall contain a statement of the applicant's title and of all liens or encumbrances upon such vehicle sought to be registered. They further provide that a certificate of title issued pursuant to such application shall contain upon the face thereof a statement of the owner's title and of all liens or encumbrances upon the vehicle described therein. These provisions were not

complied with when the Veterans Cab Company, the purchaser, and the Alfred F. Steiner Company, the seller, joined in an application for a certificate of title to the car in question. That application stated that the sale was for cash and that no lien of any kind existed. Such statement obviously was false in view of the chattel mortgage executed by the purchaser to the seller to secure the unpaid balance of the purchase price. The certificate of title thus issued to the purchaser, which showed no lien, was subsequently assigned to Tipton, and this also showed no lien in existence. Still later, the certificate of title, showing no lien, was assigned to defendant Kemp, an admitted innocent purchaser. Afterwards Kemp brought the car to Kansas, where he obtained a certificate of title showing no lien, and, upon the strength thereof, obtained a loan from defendant bank, giving a chattel mortgage on the car as security.

Plaintiff argues that under the rules of comity we are bound to take note of Michigan law purporting to hold that the failure of a certificate of title to disclose a lien does not protect a purchaser from the force and effect of a duly recorded chattel mortgage on a motor vehicle, and our attention also is called to a number of our own decisions relating to priority of chattel mortgages. Rules of comity, however, do not require us to ignore general rules of law or our own rules and decisions pertaining to certificates of title to motor vehicles, and neither are general principles pertaining to priority of chattel mortgages particularly helpful in a case of this kind.

If the original purchaser and seller of the car in question had correctly and truthfully listed the chattel mortgage on the application for a certificate of title this case would not have arisen and no one would have suffered loss. The wrong was further perpetrated by the assignment of the certificate of title, showing no lien, to Tipton, and still further by the assignment thereof to defendant Kemp, an innocent purchaser. All through these dealings, down to and including the execution of the chattel mortgage by Kemp to defendant bank, the various certificates of title showed no lien on the car. Plaintiff, as assignee of the chattel mortgage executed by the original purchaser, stands in no better position than its assignor. The general principles laid down in the recent case of *General Motors Acceptance Corp. v. Davis,* 169 Kan. 220, 218 P. 2d 181, 18 A. L. R. 2d 808, are applicable to the facts of this case.

The judgment of the lower court is affirmed.