333 P.2d 725

Conrad DISSING and John B. Graham, co-partners dba Dissing and Graham, Appellants,

v.

Paul JONES dba Paul Jones Car Co., Appellee.

No. 6242.

Supreme Court of Arizona.

Dec. 31, 1958.

Rawlins, Davis, Christy, Kleinman & Burrus, Phoenix, for appellants.

Jack C. Cavness, Phoenix, for appellee.

WINDES, Justice.

Conrad Dissing and John B. Graham, co-partners, appellants herein, were plaintiffs in the trial court and Edd M. Moore and Paul Jones dba Paul Jones Car Co. were defendants therein. The parties will be referred to as they appeared in the lower court.

Plaintiffs were licensed car dealers in Oklahoma. Defendant Paul Jones was a licensed car dealer in Arizona. The dispute for settlement by this court is the relative rights of plaintiffs and defendant Paul Jones to a Lincoln automobile. When plaintiffs acquired the car they were delivered a Texas certificate of title endorsed in blank by the Texas owner. Thereafter they sold the car on conditional sales contract to defendant Moore and delivered to him the Texas certificate with Moore's

name written thereon as assignee. This certificate stated there were no liens on the car and the assignment warranted the title to be free of liens. Moore presented this certificate to the Oklahoma Tax Commission (the agency which issues Oklahoma titles) and received an Oklahoma title reciting that the vehicle was subject to no liens. The Oklahoma title form, while there is provided therein a place for stating what liens are on the vehicle, also states in parenthesis: "This is not an office of record for the filing of liens and does not guarantee the statement as to liens on this certificate of title." The conditional sales contract was filed for record in the office of the county clerk of Oklahoma county (the proper place for recording). After getting the Oklahoma title, Moore came to Arizona and sold the car to defendant Jones who paid full consideration therefor. Plaintiffs sued for possession of the car. Judgment went in favor of defendant Jones. Plaintiffs appeal, claiming that the court erred in ruling they were estopped to assert paramount title.

The Oklahoma statute (47 O.S.1951 § 23.6) provides that upon sale or transfer of a used motor vehicle the holder of the existing certificate of title (plaintiffs herein):

"shall endorse on the back of same a complete assignment thereof with warranty of title in form printed thereon with a statement of all liens or encum-

brances on said vehicle, sworn to before a notary public or some other person authorized by law to take acknowledgments, and deliver same to the purchaser or transferee at the time of delivery to him of such vehicle. * * * Said licensed dealer (used car dealer) shall, on selling or otherwise disposing of said vehicle, execute and deliver to the purchaser thereof the said certificate of title properly and completely reassigned."

The plaintiffs did not comply with this statute but delivered to the purchaser an assignment stating there were no liens on the car and warranted title to be free of liens. Armed with this assignment the purchaser secured an Oklahoma certificate of title reciting that the vehicle was subject to no liens. Thus the purchaser was by the plaintiffs given indicia of ownership representing that the car was free of encumbrances.

Plaintiffs contend that the Oklahoma statute concerning the issuance of automobile titles by the Oklahoma Tax Commission is not a recording statute; that the Oklahoma supreme court in construing it has held that the purpose of the statute was merely to prevent the theft of motor vehicles and was not to prevent fraudulent sales and transfers; and the conditional sales contract having been placed of record as required by Oklahoma law, plaintiffs' right is prior. To support this argument

we are cited to a number of Oklahoma cases none of which are based on a fact situation such as in the instant case. Cases from other jurisdictions are to the effect that under the circumstances herein an innocent purchaser is protected. Industrial Credit Co. v. Billion Motors, 74 S.D. 612, 57 N.W.2d 523, 525; Commercial Credit Corp. v. Kemp, 176 Kan. 350, 270 P.2d 209; Annotation 18 A.L.R.2d 813. There are two bases upon which the courts hold a seller is estopped to claim the benefits of a recording act: One is that when a seller clothes the purchaser with indicia of complete ownership through misrepresentation, he nullifies its effect as a protection to him against an innocent purchaser. The other is the well known equitable doctrine that when one of two innocent parties must suffer, the loss must be borne by the one whose act or omission made the loss possible. In Industrial Credit Co. v. Billion Motors, supra, the facts and the statute involved were substantially as herein and the same contentions were made as are presented by these plaintiffs. The South Dakota court after holding that the statute concerning the issuance of title certificates for motor vehicles was not a recording statute said:

"That the principal purpose of the act was to supply the state with a weapon in its war against the automobile thief, we do not doubt. But the provisions of this act outran that cen-

tral purpose. It required an applicant for a certificate of title to show the liens and encumbrances on the vehicle, and that the secretary of state include a statement of such liens and encumbrances upon the face of the certificate of title issued. This requirement that such liens and encumbrances appear on the certificate of title and in an assignment, so far as we can discern, could have had no other purpose than, as a preventative of fraud, to provide for a title instrument which would assure a purchaser of actual knowledge of any existing encumbrance within the knowledge of his vendor, or within the knowledge of any prior vendor at the time he transferred title to the vehicle."

Commercial Credit Corp. v. Kemp, supra, had a similar problem. Therein was involved the relative rights of a duly recorded chattel mortgage in favor of the seller, the issuance of title reciting freedom from liens, and subsequent mortgage given upon the assumption the title reflected the truth. The trial court held that the vendor was at fault in not having his mortgage noted on the title and invoked the equitable doctrine that when one of two innocent parties must suffer, the one whose act or omission made the loss possible must bear the same. The Kansas supreme court affirmed stating that if the original purchaser and seller had truthfully listed the chattel

mortgage on the application for certificate no one would have suffered loss. We are committed to the doctrine that where one of two innocent parties must suffer a loss, it shall be the one causing the same. Kearby v. Western States Securities Co., 31 Ariz. 104, 250 P. 766. If the plaintiffs had listed the conditional sales contract in the space provided therefor when the assignment was made to the purchaser, undoubtedly the same would have been reflected on the Oklahoma certificate of title. The defendant would not have purchased the car and no loss would have resulted.

Plaintiffs urge us to rule that because of the parenthetical statement in the title that the issuing agency was not an office of record for the filing of liens and the agency did not guarantee the statement concerning liens, the defendant was obliged to search the county records in Oklahoma. We cannot agree. Naturally the agency will not guarantee that representations concerning liens speak the truth but the plaintiffs did so guarantee in the assignment to the vendee. Plaintiffs misrepresented the matter to the issuing agency and caused the title to speak falsely. They cannot be heard to claim protection by reason of having filed their conditional sales contract in the county office.

We know not what Oklahoma would hold under the facts herein but in the case of Adkisson v. Waitman, 202 Okl. 309,

213 P.2d 465, cited by the plaintiffs and the nearest in facts of this case, the court indicated that if one had committed an act that caused a loss by reason of fraud of another, he would lose protection. Likewise in the case of Wren v. Bankers Investment Co., 207 Okl. 339, 249 P.2d 712, another case cited by plaintiffs, that state recognized and enforced the doctrine that one who places in another the indicia of complete ownership is estopped to claim title against one who relies upon the apparent ownership.

Plaintiffs rely upon the cases of Ragner v. General Motors Acceptance Corporation, 66 Ariz. 157, 185 P.2d 525, and Forgan v. Bainbridge, 34 Ariz. 408, 274 P. 155, to the effect that an encumbrance on personal property valid against subsequent innocent purchasers in the state where the property was located when encumbered will be recognized in this state when the property is surreptitiously removed to this state. The ruling herein does not conflict with these cases. Therein there was no question of estoppel involved. The ones holding the first encumbrance did nothing to cause the loss. We are dealing here with a loss arising by reason of unlawful or negligent conduct of the ones claiming the priority.

Judgment affirmed.

· UDALL, C. J., and PHELPS STRUCKMEYER and JOHNSON, JJ., concur.