[Civ. No. 6752. Fourth Dist. Nov. 5, 1962.]

FIRST NATIONAL BANK OF HAYS CITY, Plaintiff and Appellant, v. NORMAN K. SPRIGG et al., Defendants and Respondents.

Ruel Liggett for Plaintiff and Appellant.

Selleck & Sinclair, Willard M. Sinclair, White, Froehlich & Peterson and Charles W. Froehlich, Jr., for Defendants and Respondents.

STONE, J.*—The First National Bank of Hays City, Kansas, brought a complaint in two counts: one for claim and delivery of an automobile, and a second for damages for conversion of the vehicle. This appeal is taken from a judgment for defendants.

Defendant Sprigg bought a used automobile from one Geiber, at Hays City, Kansas. Geiber owed money on the car, and plaintiff bank agreed to loan Sprigg the money to satisfy the lien and to pay Geiber for his equity. In turn, the bank required a note and chattel mortgage on the automobile as security. The transfer took place in the offices of the bank. The Geiber loan was satisfied by the bank, Geiber was paid off, and an assignment from Geiber to Sprigg was typed on the back of the title certificate by an employee of the bank, who also notarized Geiber's signature. The bank did not insert a record of its lien on the certificate, although there was a space provided for this notation in the assignment form on the back. Plaintiff bank delivered the certificate of title to Sprigg, and recorded its chattel mortgage in the office of the county registrar of deeds.

Kansas law does not condition validity of motor vehicle liens upon registration with the Department of Motor Vehicles; the only requirement is that they be recorded in the proper county. It is the duty of a new owner, however, to endorse all liens against his vehicle in a space provided on the back of the certificate before applying to the Director of the Kansas State Highway Commission for a new certificate of title.

Although the bank handled the transaction, including preparation of the certificate of title for transfer, it delivered the certificate to Sprigg without endorsing its own lien thereon. Apparently the bank either neglected to note its lien through an oversight or it made the mistake of trusting Sprigg to endorse its lien in the proper place on the back of the certificate before obtaining a new certificate of title. Sprigg violated this trust and secured a new certificate showing clear title in him without liens or encumbrances of any kind.

After making three monthly payments to plaintiff bank, Sprigg drove the car to the State of California, where he sold it to the City Chevrolet Company in San Diego, a dealer in automobiles and one of the defendants in this action. The other defendants are subsequent purchasers and lienholders.

California is known as a "full title" state insofar as regis-

---

* Assigned by Chairman of Judicial Council.

tration of motor vehicles is concerned. This means that anyone transacting business with the owner of a motor vehicle can rely upon the title as reflected by the registration certificate, without further inquiry. Plaintiff contends that Kansas is not a "full title" state in that a lien such as the chattel mortgage here in question, is a valid and enforceable document if recorded in the proper county. Thus, argues plaintiff, under the rule of comity one in California transacting business with the owner of a vehicle registered in Kansas is under a duty to make inquiry in the proper office of the proper county in Kansas before accepting an assignment of the certificate of title.

There seems to be some question as to whether Kansas is an "incomplete title" state as plaintiff contends, or a "full title" state as defendants contend. The authors of an article in 47 California Law Review 543, at page 581, classify Kansas as a "full title" state. We think it unnecessary to pursue this question, however, because the judgment must be affirmed upon the doctrine of estoppel.

As noted above, Geiber delivered the certificate of title to a representative of the bank. The bank handled the transfer to insure that the money loaned to Sprigg would be used to pay Geiber's creditor, yet the bank did not protect its own loan by listing it as a lien in the space provided on the certificate. Thus the negligence of plaintiff bank enabled Sprigg to turn in the old certificate and secure a new one showing his title to be clear. He used the new certificate of title to sell the vehicle to an innocent purchaser for value in California.

Under similar facts, had the transaction occurred entirely within the State of California, plaintiff would have been estopped from recovering from any of the defendants. (*Crestline Mobile Homes Mfg. Co.* v. *Pacific Finance Corp.*, 54 Cal.2d 733 [8 Cal.Rptr. 448, 356 P.2d 192].) There is authority, also, that under like circumstances the doctrine of comity is not an obstacle to the application of the doctrine of estoppel in California. In *Atha* v. *Bockius*, 39 Cal.2d 635 [248 P.2d 672], the Supreme Court said, at page 642: "There is nothing in the comity doctrine, . . . to preclude application of the universally accepted principle, incorporated in section 3543 of the Civil Code, that when one of two innocent persons must suffer by the act of a third, he by whose negligence it happened must bear the loss."

Even under the rule of comity the doctrine of estoppel obtains in this case, since the same doctrine has been applied to

similar facts by the courts of Kansas. In the case of *General Motors Acceptance Corp.* v. *Davis,* 169 Kan. 220 [218 P.2d 181], a Kansas court was faced with facts comparable to those before us, except that the entire transaction occurred within the State of Kansas. The court followed the principle of estoppel, and held, at pages 183-184 [218 P.2d] :

''Hope invested Gray with possession of the automobile and every indicia under the statute, of a full and complete title free of any lien or encumbrance. Under such circumstances any person, member of the public generally, or a dealer in used cars, had the right to purchase from Gray upon satisfying himself that the certificate of title correctly identified the automobile being purchased, and to rely upon the certificate of title that there was no lien or encumbrance thereon. Hope, having invested Gray with indicia of full ownership may not say that one dealing with Gray without actual notice of Hope's rights, if any, dealt at his peril.'' (See also *Whisnant* v. *Don Schmid Motor Co.,* 184 Kan. 348 [336 P.2d 398].)

In another Kansas case involving transfer of title to a vehicle, we find a situation analogous to that before us except that the original sale of the car occurred in the State of Michigan. The seller neglected to note his claim of lien on the certificate of title, the buyer transported the car to the State of Kansas, and it was a Kansas citizen who relied upon the Michigan certificate showing clear title in the seller. In that case, *Commercial Credit Corp.* v. *Kemp,* 176 Kan. 350 [270 P.2d 209], the Kansas court held that the Michigan seller was negligent in not noting his lien on the certificate of title, and denied recovery against the Kansas buyer. (See also 18 A.L.R.2d 813; 47 Cal.L.Rev. 543, 556.)

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.