551 P.2d 95
**Donald G. STEWART, Appellant,**

**v.**

**Marjorie E. THORNTON, a widow, Appellee.**
**No. I CA–CIV 2941.**

Court of Appeals of Arizona,
Division 1.

June 22, 1976.

Rehearing Denied July 23, 1976.
Review Granted Sept. 13, 1976.

Walton, Lauinger & Friedeman, P.C., by Thomas J. Lauinger and John W. Friedeman, Scottsdale, for appellant.

Behrens, MacLean & Jacques, by John H. MacLean and John K. Graham, Phoenix, for appellee.

## OPINION

HOWARD, Chief Judge.

Was appellant a holder in due course of a promissory note executed by appellee? The lower court apparently concluded he was not and awarded judgment in favor of appellee in appellant's suit to recover the balance due on the note plus interest thereon.

On May 23, 1971, appellee entered into an agreement with Cochise College Park by the terms of which she agreed to purchase a parcel of realty and to execute a promissory note as part of the purchase price. In accordance with the agreement, she executed a promissory note, dated May 23, 1971, wherein she agreed to pay to the order of Cochise College Park, Inc., the sum of $5,368.44 in 84 monthly installments of $63.91 on the fifteenth day of each and every month beginning July 15, 1971. The note recited that it was executed and delivered in connection with a purchase of a parcel of real property and was secured by a realty mortgage upon said property. A realty mortgage was in fact executed by appellee on May 23, 1971. Two days later on May 25, 1971, Cochise College Park, for a valuable consideration, assigned the note and mortgage to appellant. Also, on May 25, 1971, appellee rescinded her agreement to purchase the property by telephoning Cochise College Park, Inc. and on June 15, 1971, Cochise College Park mailed her a check as a refund of her downpayment. None of the documents executed by her were returned and she made no payments on the note. However, appellant did in fact receive payments of $63.91 for a period of ten months through a collection agency. Appellant had no knowledge of nor actual notice of appellee's rescission of the purchase.

The promissory note had been assigned to appellant by Cochise College Park with recourse. However, on June 5, 1972, creditors of Cochise College Park, Inc. filed an involuntary petition in bankruptcy against Cochise.

On October 31, 1973, appellant filed suit against appellee to recover the upaid principal balance plus interest thereon which was due on the promissory note. Appellee's responsive pleading admitted the execution of the note and affirmatively alleged lack of consideration, that the trustee in bankruptcy of Cochise College Park, Inc. was the owner of the note, that the ownership of the note was the subject of a class action in the United States District Court in civil action 72–393, and that pur-

suant to 15 U.S.C.A. Sec. 1701 et seq., she had voided the purchase contract as well as the note and mortgage.

The pretrial statement set forth the following contested issues:

"A. Is plaintiff the owner of said note?

B. Was said note voided by federal law?

C. Was the contract between defendant and Cochise College Park, Inc. consummated?

D. Is plaintiff a holder in due course of said note?"

Whether or not appellant was the owner of the note was immaterial since a holder in possession of a negotiable instrument delivered to him has the right to enforce payment in his own name. A.R.S. Sec. 44–2531; *Mecham v. United Bank of Arizona*, 107 Ariz. 437, 489 P.2d 247 (1971).[1] Appellee's defense to the note was that appellant was not a holder in due course since he had notice of a defense when he purchased the note. A.R.S. Sec. 44–2534(A)(2) provides that a purchaser has notice of a claim or defense if he has notice that "the obligation of any party is voidable in whole or in part". If appellant were not a holder in due course, then he took the promissory note subject to all the defenses appellee could assert against Cochise College Park, Inc.

Appellee's position in the trial court was that appellant was not a holder in due course since he had notice that her obligation under the purchase agreement was voidable under federal law. In 1968, Congress enacted the "Interstate Land Sales Full Disclosure Act". See 15 U.S.C.A. Sec. 1701 et seq. As the title of the Act indicates, it is comprehensive regulation of *interstate land sales.* 15 U.S.C.A. Sec. 1703 provides:

"(a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails—

(1) to sell or lease any lot in any subdivision unless a statement of record with respect to such lot is in effect in accordance with Section 1706 of this title and a printed property report, meeting the requirements of Section 1707 of this title, is furnished to the purchaser in advance of the signing of any contract or agreement for sale or. lease by the purchaser;

. . .

\* \* \* \* \* \*

(b) Any contract or agreement for the purchase or leasing of a lot in a subdivision covered by this chapter, where the property report has not been given the purchaser in advance or at the time of the signing, shall be voidable at the option of the purchaser. *A purchaser may revoke said contract or agreement within forty-eight hours, where he has received the property report less than forty-eight hours before he signed the contract or agreement,* and the contract or agreement shall so provide, except that the contract or agreement may stipulate that the foregoing revocation authority shall not apply in the case of a purchaser who (1) has received the property report and inspected the lot to be purchased or leased in advance of signing the contract or agreement, and (2) acknowledges by his signature that he has made such inspection and has read and understood such report."[2]

Appellee testified that she had received no federal property report.[3] However, no

---

1. The ownership question was in fact resolved in the federal district court class action by judgment dated January 23, 1974 (four months prior to the trial of this case) adjudicating the ownership issue in favor of the purchasers of the notes.

2. Subsection (b) has been amended in 1974 but the amendment is not applicable here.

3. The purchase agreement signed by appellee, however, acknowledged receipt of the Real Estate Commissioner's Public Report

proof was adduced as to whether or not Cochise College Park, Inc. was required to furnish appellee a printed property report since the prohibitions of 15 U.S.C.A. Sec. 1703 apply to developers who use "any means or instruments of transportation or communication in interstate commerce, or of the mails." The record is devoid of any evidence as to the methods of Cochise College Park, Inc. in selling its subdivision lots other than that it was a "car deal" according to appellee, i. e. Cochise College Park paid for the gasoline.

However, the record reflects that the applicability of the federal statute to this land sale was not an issue in the case—the parties apparently being in accord that it was an interstate land sale. The controlling issue was whether appellant was not a holder in due course and therefore took the note subject to the defenses appellee could have asserted against Cochise College Park, Inc.

The pivotal question was whether appellant had notice of any defense appellee might have had. A.R.S. Sec. 44–2532(A)(3).

Appellee's position in the trial court was that appellant had constructive notice of the federal statute and therefore had notice that her obligation was voidable, thereby giving him notice of a defense. (A.R.S. Sec. 44–2534(A)(2).) We are of the opinion that appellee was not entitled to prevail for two reasons.

Firstly, whether or not appellee received a federal property report was immaterial as the contract was rescinded by mutual agreement of the parties as a consequence of "buyer's remorse." Our Supreme Court has stated:

"As to notice of a defense or claim, it means, minimally, that from all the facts and circumstances known to him at the time in question one has reason to know a given fact exists [citation omitted]."

*Mecham v. United Bank of Arizona,* 107 Ariz. 437, 441–442, 489 P.2d 247, 251 (1971).

There is absolutely nothing to show that when appellant purchased the note he would have reason to know that the transaction had been rescinded.

Appellee's reliance upon the voidability provision of the federal statute hinges upon the fortuitous circumstances that the parties agreed to rescission within 48 hours after she signed the contract. However, even assuming arguendo that appellee had exercised her option to revoke afforded by the statute, we do not agree that appellant had notice that the note was voidable.

Appellant was chargeable with notice of the statute but not of the facts constituting the violation of it. 11 Am.Jur.2d Bills and Notes, Sec. 436. The test of "notice" is whether appellant had actual knowledge of appellee's defense or "inferable knowledge", i. e. knowledge of facts from which he could reasonably infer the probable existence of the defense. See *Eldon's Super Fresh Stores, Inc. v. Merrill Lynch, Pierce, Fenner and Smith, Inc.,* 296 Minn. 130, 207 N.W.2d 282 (1973). As the Minnesota Supreme Court stated:

"In applying the test, this court has rather consistently held that having notice by way of the 'inferable knowledge' test is something more than failure to make inquiry about an unknown fact. Failure to make such inquiry may be negligence and lack of diligence, but it is not 'notice' of what he might discover. [citation omitted]" 207 N.W.2d at 288.

Again, there is nothing in the record to show that appellant had knowledge of any facts and circumstances from which he would have reason to know that appellee would have a statutory right to rescind the contract within 48 hours. *Mecham,* supra.

The Interstate Land Sales Act was designed to protect inexperienced unknowl-

4407 Cochise College Park Subdivision. A copy of the report, which was introduced into evidence, recites that it was issued in accordance with the provisions of Title 32, Chapter 20, Article 4 of the Arizona Revised Statutes as amended.

edgeable land purchasers from deceptive sales practices. Appellee however, was not availing herself of the remedy provided thereunder—in fact there was no evidence that she knew about the existence of the Act. Both she and appellant were equally unaware of it. Both of them were relatively innocent but unfortunately appellee, in effecting the rescission, did not procure the return of the promissory note she had executed. The courts of this state have consistently adhered to the principle that where one of two innocent parties must suffer, the loss must be borne by the one whose act caused the loss. *In re Estate of Milliman,* 101 Ariz. 54, 415 P.2d 877 (1966); *Patterson Motors, Inc. v. Cortez,* 2 Ariz.App. 298, 408 P.2d 231 (1965). The instant case is such a situation.

Since appellant was a holder in due course, he was entitled to receive the balance due on the note.

Reversed and remanded with directions to enter an appropriate judgment in favor of appellant consistent herewith.

KRUCKER and HATHAWAY, JJ., concurring.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. Sec. 12–120(E).